### FRANK M. PERRY *vs.* BENJAMIN LANCY.

Suffolk.    March 5, 6, 1901. — May 24, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Writ of Entry*, Seisin of tenant.    *Tax*, Sale, Redemption.

A deed under a valid tax sale passes a paramount and new title, and a seisin from the moment of conveyance.

A conveyance, on foreclosure sale, of land that has been sold for taxes and is in possession of the purchaser at the tax sale, although under St. 1891, c. 354, it passes the rights of entry and of action, does not disseise the holder of the tax title.

In case of a conveyance under a tax sale it will be presumed that possession followed the tax title, especially in the case of marsh land probably not occupied by any one.

If a tender to redeem from a tax sale under St. 1888, c. 390, § 57, has been prevented by the conduct of the holder of the tax title in wilfully and successfully eluding a mortgagee of record having the right to redeem, who has been searching for him for the purpose of paying him and has written to him repeatedly offering to pay, the mortgagee is in the same position, as against the person eluding him, as if the tender had actually been made, and if his attempt to make the tender was made in good faith within two years after he had actual notice of the sale, the lien is discharged, and he can maintain a writ of entry for the land.

WRIT OF ENTRY to recover a certain parcel of land on Marsh Street in that part of Boston called Dorchester, dated September 13, 1899.

In the Superior Court the case was heard by *Braley*, J., on an agreed statement of facts substantially as follows :

The tenant claimed title to the premises by a tax deed duly recorded, and it was agreed that all of the proceedings of the assessment and sale were valid, and that the sale took place on October 12, 1893. The demandant waived all claim to damages.

It was agreed that on January 21, 1897, the demandant was the holder of a recorded mortgage upon the premises, given by Cornelius and Margaret Deasy to Samuel Babcock, dated March 28, 1878, which mortgage had been assigned to the demandant by sundry mesne conveyances duly recorded ; that, on January 21, 1897, the demandant for the first time had actual notice of the existence of the tax title through receiving a postal card,

which read as follows: " 55 Richfield Street, Dorchester, January 21. I find you have a mortgage on a piece of marsh land on Marsh Street for $1,000. The property was sold for tax. I suppose you know of it, but tell me if you want to redeem. I would like to hear from you at once. The mortgage was given as much as twenty years ago, but by different assignments was at last held by you. Benjamin Lancy."

It was further agreed that on March 1, 1898, the demandant foreclosed his mortgage and sold his premises to Walter H. Baldwin, and made a conveyance to Baldwin under the power of sale contained in the mortgage ; that on May 17, 1898, Baldwin conveyed the premises, by deed duly recorded, to the demandant ; and that on June 7, 1898, the demandant wrote to the tenant as follows: " Benjamin Lancy, Esq., Provincetown, Mass. : Dear Sir, — I wrote you some time ago in regard to redeeming a certain estate from tax title on which I hold a mortgage on estate Glide Street, Dorchester. I have received no reply and have sent to the house twice and could not find you. Will you kindly let me hear from you when I can see you, so that the matter can be settled. Yours respectfully, Frank M. Perry, 194 Washington Street, Boston."

On June 27, 1898, the demandant wrote the tenant as follows: " Mr. Benjamin Lancy : My dear Mr. Lancy, — Your letter received. In reply would say that I did not know that you had paid the intervening taxes. I supposed that they had been paid by the owner of the estate. If you will send me the amount in total that is due you up to a week from to-day, and will have the deed that I sent you executed, I will send you the funds. In regard to your calling here, would say that I sent a messenger to your house with ample funds, four times, to pay any claims that you may have on this estate, but was unable to find you, so that all I could do was to request you to call, which I did. Please advise me as soon as you can the amount due so that I can send a check and close the matter. Yours respectfully, Frank M. Perry."

Thereafter the demandant received from the tenant the following letter : " East Barnard, Vermont. F. M. Perry : I can sell you the marsh land, but you are not entitled to redeem. July 15, 1898. Benj. Lancy."

It was also agreed, that the demandant had not made any con-
veyance of his title, neither had the tenant made any convey-
ance of his tax-title; that the tenant had had no possession of
the premises other than arises by force of law from the existence
and holding of his tax title ; that the demandant had necessary
funds at all times since July 15, 1898, to pay to the tenant
all sums paid by him for the tax title, together with interest
thereon, and legal costs, and any and all sums paid by the tenant
for accruing taxes, with interest; and that the demandant had
never made any effort to pay to the city treasurer of Boston any
sum which the tenant was entitled to receive under his tax title.

The case was tried without a jury, and it was agreed between
the parties, that the judge should determine only the questions
whether the writ should abate upon the foregoing facts as to
possession, and whether the demandant, on the foregoing facts,
had made a tender on July 15, 1898, sufficient to entitle him to
a release of the premises from the tax title, or stood in the same
position as if he had actually made such a tender or payment;
and that if the court should give judgment for the demandant,
the demandant should pay the tenant $175.

The Superior Court gave judgment for the demandant; and
the tenant appealed.

*W. O. Childs*, for the tenant.

*G. S. Littlefield*, for the demandant.

HOLMES, C. J. This is a writ of entry brought by a party
having the rights of a mortgagee of record, *McGauley* v. *Sul-
livan*, 174 Mass. 303, against the holder of a tax title, on the
ground that his title has been brought to an end. St. 1888,
c. 390, § 57. The case is before us upon agreed facts, and it ap-
pears that the tenant has had no possession of the premises other
than arises by force of law from his tax title. The first defence
is based on this fact. The demandant learned of the tax title
for the first time on January 21, 1897. It would seem that the
tenant resorted to devices which have become familiar to the
court through a number of recent cases in order to avoid a
redemption until it should be too late. The tax sale took place
on October 12, 1893, so that both the two years allowed for
redemption by St. 1888, c. 390, § 57, and the five years within
which by § 76 a bill in equity can be brought have expired.

Evidently the purpose of this purely technical defence, an after-thought, as appears by the pleadings, is to carry through the trickery by which the demandant is to be deprived of a remedy.

But it is agreed that the sale to the tenant was valid. Therefore the tenant got not only a paramount and new title, but a seisin at the moment of the conveyance. There is nothing which shows as matter of law that he has been disseised since, although the mortgage has been foreclosed and the land conveyed to the demandant. St. 1891, c. 354. It is to be presumed that possession followed the tax title, especially as this seems to have been marsh land and probably not occupied by any one.

The other defence is that there has been no tender sufficient to discharge the lien. § 57. The demandant seems to have made unavailing attempts to find the tenant for the purpose of paying him, and to have written repeatedly. On July 15, 1898, he received a reply dated from East Barnard, Vermont, saying: " You are not entitled to redeem." Since that time the demandant always has been able and, it may be presumed, ready and willing, to pay the amount properly payable to the tenant, and it is agreed that if he recovers now he is to pay a certain sum. We are of opinion that as against the tenant the demandant is entitled to stand in the position of one who has made a tender under § 57, and that the lien is discharged. *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322. *Hazard* v. *Loring*, 10 Cush. 267.

The suggestion that the demandant should have paid the city treasurer and that the statute giving the right of redemption to mortgagees of record is unconstitutional, have been disposed of in earlier decisions. *Barry* v. *Lancy, ante*, 112.

*Judgment for demandant.*