ALBERT F. O'CALLAGHAN & others *vs.* BENJAMIN LANCY.

Suffolk. November 29, 1904. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Tax*, Sale, redemption. *Equity Jurisdiction*, Mistake.

A bill in equity to redeem land from a tax sale within five years may be maintained under R. L. c. 13, § 75, if it appears that the plaintiff acted in the erroneous belief that the taxes on his property were being paid as they came due from the rent of a certain store and was ignorant of the advertisement of the property for sale and of the sale itself.

BILL IN EQUITY, filed in the Supreme Judicial Court on December 9, 1902, under R. L. c. 13, § 75, to redeem certain real estate numbered 301 on Bunker Hill Street in that part of Boston called Charlestown from a sale made on December 30, 1897,

by the collector of taxes of the city of Boston for non-payment of taxes for the year 1896.

The case was heard by *Braley*, J.; who made a decree that the plaintiffs or any of them might redeem the premises described in the bill on payment to the defendant or his attorney of record of the sum of $357.08, within sixty days from the entry of the decree, and that thereupon the defendant should execute and deliver to the plaintiffs a release of all title acquired under the tax deed or any claim acquired by payment of taxes assessed since that time. The defendant appealed to the full court. The justice made certain findings of fact, and also appointed a commissioner under Chancery Rule 35 to take the evidence to be reported to the full court.

*W. O. Childs*, for the defendant.

*C. S. Tilden*, for the plaintiffs.

BARKER, J. The statutory provisions under which the bill is brought have been held by this court to have been " enacted, not for the purpose of extending in every case the time of redemption from two to five years, but for the purpose of permitting the court to grant relief, at any time within five years from the taking or sale of the land, if the circumstances rendered it equitable." *O'Day* v. *Bowker*, 143 Mass. 59, 62, 63. *Widersum* v. *Bender*, 172 Mass. 436. One of the common grounds of relief in equity is that the party who seeks the aid of the court has acted under and suffered loss through mistake, that is through ignorance of a fact material to the transaction, or in an erroneous belief in the existence of material facts. See 20 Am. & Eng. Encyc. of Law, 807; Story Eq. Jur. § 110.

If the findings disclose one or more such mistakes on the part of the plaintiffs and if the findings are supported by the evidence the decree must stand.

We have examined the reported evidence and the findings. It is plain that the plaintiffs, if not intentionally misled by the defendant himself, acted in the erroneous belief that the taxes on their property were being paid, as they became due, through the O'Callaghan store from which came with great regularity the money which supported the family, and in ignorance of the advertisement of the property for sale and of its sale. We think the decree amply supported on the ground of mistake.

*Decree affirmed*