## NEIL McNEIL *vs.* JOHN O'BRIEN & another.

Suffolk. December 1, 1909. — February 21, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Tax*, Sale, redemption. *Equity Jurisdiction*, To redeem from tax sale. *Laches.* *Words*, "Actual notice," "Original sum."

Under R. L. c. 13, § 58, cl. 4, as amended by St. 1905, c. 325, § 1, (St. 1909, c. 490, Part II. § 59,) a mortgagee of land, to whom a tax was not assessed, may redeem the land from a sale for non-payment of the tax, at any time within two years after actual notice of the sale, and mere knowledge of facts sufficient to put him upon inquiry is not such actual notice. Thus a payment by such a mortgagee, when informed of the existence of incumbrances on the land in favor of the city, of the amount which is said by the collector of taxes to be due, which has been arrived at by deducting from the amount due for sewer assessments an amount credited as the proceeds of a tax sale, is not actual notice of the tax sale.

A bill in equity by a mortgagee of land, to whom a tax was not assessed, to redeem the land from a sale for non-payment of the tax, filed within one month from the time when the plaintiff received actual notice of the sale, although three and a half years after the sale took place, may be found to have been brought seasonably.

In a suit in equity to redeem land from a tax sale, where it appeared that the plaintiff before filing his bill had made no tender of the amount due because he was unable to find the owner of the tax title, who resided out of the Commonwealth and had filed no certificate in the registry of deeds appointing an agent as required by R. L. c. 13, § 45, and it also appeared that the plaintiff honestly and intelligently had endeavored without success to find the owner of the tax title in order to make a tender, the court did not find it necessary to determine, whether in view of the failure of the owner of the tax title to comply with the require-

ments of § 45, the plaintiff was under obligation to do anything before bringing his suit to redeem, because his honest and intelligent attempt to make a tender was a performance of such an obligation if it existed.

The provision of R. L. c. 13, § 60, as amended by St. 1902, c. 443, and St. 1905, c. 325, § 2, that a person having an interest in land sold for non-payment of taxes, if upon reasonable search the purchaser of the land or his agent cannot be found, may redeem the land from such sale by making a payment to the collector of taxes, is not an additional requirement upon the landowner, but merely gives him a cumulative remedy by which he may assert his rights if he chooses.

The right of the owner of land to redeem it from a sale for non-payment of taxes exists wholly by statute and he who seeks to redeem must follow the terms of the statute by which his right is given to him.

Under R. L. c. 13, § 58, as amended by St. 1905, c. 325, § 1, the owner of only a part of a parcel of land, the whole of which was sold for non-payment of taxes, can redeem his land from such sale only by paying "the original sum" paid for the tax deed, with interest and the other payments required by the statute, which means that he must pay the whole amount paid at the tax sale for the entire parcel of land, there being no provision in our statutes for an apportionment of taxes after a sale of land for their non-payment.

BILL IN EQUITY, filed in the Superior Court on April 23, 1908, by the holder of a mortgage made by Mary A. Goodwin dated October 31, 1904, which conveyed a certain parcel of land on Bowdoin Street in that part of Boston called Dorchester, to redeem the land from sales made by the collector of taxes on September 28, 1904, for the non-payment of certain sewer assessments, assessed upon this and adjoining land then owned by the trustees of the Meeting House Hill Land Company.

The case was referred to Stephen H. Tyng, Esquire, as master. He filed a report containing the findings which are stated and referred to in the opinion.

The case was heard by *Dana*, J., upon exceptions to the master's report filed both by the plaintiff and the defendants. The judge made a final decree overruling the exceptions of both parties to the master's report, and ordering that the plaintiff should be permitted to redeem the land from the tax sales on payment of the sum of $30.89 with interest from March 18, 1909, and the costs of suit taxed at $20. The defendant Mary A. Mahoney, the holder of the tax title, appealed.

*J. A. McGeough*, for the defendant Mary A. Mahoney.

*G. F. Ordway*, for the plaintiff.

RUGG, J. The plaintiff as a mortgagee seeks to redeem certain real estate covered by his mortgage from sales for sewer assessments. As the plaintiff does not now attack the validity

of the sales, these are assumed in favor of the respondent to be legal. The only questions argued are whether the plaintiff as mortgagee is entitled to redeem, and if he is, how much he should pay. The case was sent to a master, who found that after the lien attached and before the sale by the tax collector, the then owner of the land had executed and delivered a certain mortgage, which through assignments came to the plaintiff, who foreclosed, and through his agent purchased the property, and soon after conveyed it to one Goodwin, taking back to himself as a part of the same transaction a mortgage, which he now holds. The validity of the title arising from the foreclosure of the mortgage has been and is in litigation, ( *O'Brien* v. *McNeil,* 199 Mass. 164,) but respecting this the master found that the foreclosure was valid for the reason that he was unable to find on the evidence before him that the mortgage had not been paid. The plaintiff first had actual notice of the tax sales about March 27, 1908, and filed the present bill on April 23, 1908. He was not guilty of laches.

Upon these facts the plaintiff was entitled to redeem. *Lancy* v. *Abington Savings Bank,* 177 Mass. 431. *Clark* v. *Lancy,* 178 Mass. 460. *Rogers* v. *Lynn,* 200 Mass. 354. He was a mortgagee, the tax was not assessed to him, and his offer to redeem was within two years after actual notice of the tax sale. R. L. c. 13, § 58, cl. 4, as amended by St. 1905, c. 325, § 1. (See St. 1909, c. 490, Part II. § 59, cl. 4.) That the mortgagee was informed of certain incumbrances in favor of the city and upon inquiry paid all that was said by the tax collector to be due, without inquiring as to the source from which a credit upon the original amount had come, although in truth it came from the tax sale, was not actual notice of the tax sale. Something more than knowledge sufficient to put him upon inquiry is required to satisfy the language of the statute as "actual notice." *Keith* v. *Wheeler,* 159 Mass. 161. The credit may well have been supposed by him to have been voluntary partial payment by the owner rather than proceeds from the sale. Therefore, although the bill was filed three years and a half after the sale for taxes, it was upon the facts found seasonably brought. *O'Callaghan* v. *Lancy,* 187 Mass. 474. In any event, it was brought within five years after the sale, and it would be inequitable not to per-

mit redemption under the conditions disclosed. R. L. c. 13, § 75, as amended by St. 1905, c. 325, § 3. (See St. 1909, c. 490, Part II. § 76.) *Widersum* v. *Bender*, 172 Mass. 436.

The defendant contends that because no tender was made before the bringing of the bill there is no right to redeem. The master found that the plaintiff made no tender because unable to find the defendant Mahoney, who was the holder of the tax title, and who resided out of the Commonwealth. There is no finding that Mahoney or any of her preceding owners of the tax title filed a certificate in the registry of deeds as required by R. L. c. 13, § 45 (see St. 1909, c. 490, Part II. § 46) setting out her residence and place of business by street and number, or, being a non-resident, the appointment of an agent, with like particulars as to his residence and place of business. In view of the finding of the master that the plaintiff honestly and intelligently endeavored without success to find the owner of the tax title in order to make tender, it is not necessary to determine whether, when there is a failure to comply with the provisions of said section 45, the landowner is under obligation to do anything before bringing his suit to redeem. Under these circumstances, the plaintiff cannot be required to make a tender before bringing a bill to redeem, a necessary part of which is a proffer to pay whatever may be found to be legally due. *Perry* v. *Lancy*, 179 Mass. 183. R. L. c. 13, § 60, as amended by St. 1902, c. 443, and St. 1905, c. 325, § 2, (see St. 1909, c. 490, Part II. § 61,) which provides that the person having an interest in land may redeem by making payment to the tax collector, is not an additional requirement upon the landowner, but a convenient cumulative remedy by which he may elect to assert his rights if he chooses. *Barry* v. *Lancy*, 179 Mass. 112.

As to the amount which ought to be paid to redeem, the facts are these: The tract of land which the plaintiff seeks to redeem is described as lots 5 and 6 on the Tracey plan. These two lots are part of a larger tract described as lots 152 and 154 on the Whitman and Breck plan. The assessments, by virtue of which the sales by the tax collector were made, were on said lot 152 and on said lot 154. The tax collector made two separate sales and deeds of lot 152 and one of lot 154, each upon a different instalment of assessment, but all to one Welsh, for sums aggre-

gating $75.10. Thereafter through several assignments or quit-claim deeds all these tax titles vested in Mary A. O'Brien, who conveyed to the defendant Mahoney, said lots 5 and 6 being a portion only of the parcel described as said lots 152 and 154. Shortly stated, a purchaser of a tract of land at a tax collector's sale has subdivided the tract by his own deed before the extreme time for redemption has expired, in such a way that his grantee owns the tax title to a fractional part, of which another, who seeks to redeem, owns the equity of redemption. The owner of the tax title to the smaller tract, who is the defendant Mahoney, contends that the entire sum paid by Welsh in the purchases of the tax titles to the larger tract, together with interest and inter-vening charges, must be paid as a condition of redemption. The master found that the amount which the plaintiff ought to pay was $30.89. He has not reported the evidence upon which this finding is based, nor has he stated any reasons why a less sum than the whole amount paid in the first instance should be now paid. It may perhaps be inferred that he has undertaken to apportion such part of the entire amount paid for the collectors' deeds of the large tract, being lots 152 and 154, as fairly should be borne by the smaller tract, being lots 5 and 6.

The defendant holds her deed as security for $350. The re-demption of real estate from a tax sale is wholly by statute. The person who seeks to redeem must follow the terms of the statute in order to assert his rights. R. L. c. 13, § 58, as amended by St. 1905, c. 325, § 1 (see St. 1909, c. 490, Part II. § 59) requires the person redeeming to pay " the original sum " with interest and other charges. " Original sum " as here used means the amount paid at the tax sale. There is no provision for any apportion-ment of an assessment in case of a subdivision of a tract of land after a tax sale. The terms of R. L. c. 12, § 88 (see St. 1909, c. 490, Part I. § 88) as to apportionment of taxes are operative only before the real estate has been sold for taxes. That the Legislature has thus taken express measures for the division of a tax in case of a partition of land among owners in severalty after the assessment and before the sale indicates a clear intent that under the law there shall be no other apportionment. The plain language of the statute as to redemption gives the land-owner a right to redeem only upon payment of the entire sum

paid for the tax deed. It contains no concessions to be availed of by a plaintiff who owns only a part of the land covered by the primary assessment. The lien of that assessment was single. It was commensurate in extent with the real estate assessed. The title which sprang into existence at the time of the sale was independent and complete, subject only to the right of redemption. That right was also single and indivisible. It has been decided repeatedly in other jurisdictions that a part owner of land can redeem, where there has been no division of the tax title, only by paying the total sums due for redemption. The apparent incongruity of compelling the plaintiff to pay the purchase price of the tax sale to one whose title as grantee or assignee of the initial purchaser covers only part of the tract described in the collector's deed arises from the infirmity and limitation of the right of redemption. Such right is strictly conditioned upon the payment of the whole of the "original sum" paid for the tax deed. The first purchaser and the holder of his right through mesne conveyances are estopped by the nature of the written instruments executed by them, under which the rights of the defendant arise, to demand any part of the price of redemption from the plaintiff. We do not intimate what equitable remedy, if any, might be worked out if under such circumstances as are disclosed here, the plaintiff had joined as parties all those interested in the tracts included in the collector's deeds, nor what course should be pursued where the person entitled to redeem would suffer by the subdivision of the tax title. We simply apply to the facts now before us the positive and unequivocal language of the statute, which requires every one who seeks to redeem from a tax sale to pay or tender the original sum which constituted the consideration thereof.

The decrees are to be reversed for modification, in accordance with this opinion, only as to the amount to be paid for redemption, and as to costs if so determined by the Superior Court; and when so modified are to be affirmed.

*So ordered.*