## WILLIS W. DAVIDSON *vs.* ALBERT W. STAFFORD.

Worcester.   October 2, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Tax*, Redemption, Agent of non-resident holder of tax title. *Statute*, Construction. *Equity Jurisdiction*, To redeem from a tax sale. *Equity Pleading and Practice*, Parties. *Statute of Limitations*.

Section 45 of R. L. c. 13, now St. 1909, c. 490, Part II, § 46, which provides for the registering in public records by the purchaser of a tax title of identifying information regarding himself, if and so long as he is a resident of the city or town where the land is situated, and the appointment of an agent and like registering of information regarding him in case the purchaser resides at the time of the sale, or within two years from the date of the sale comes to reside, outside of such city or town, being a statute designed to afford a way for persons, not infrequently poor or in- straitened circumstances, to relieve themselves from the hardship of the incumbrance of tax titles upon their land by redeeming it from the tax sales, is highly remedial in its nature and ought to be interpreted as liberally as the end in view permits with a just regard to the rights of honest and fair dealing purchasers at tax sales.

Section 45 of R. L. c. 13, now St. 1909, c. 490, Part II, § 46, which provides for the registering in public records by the purchaser of a tax title of identifying information regarding himself, if and so long as he is a resident of the city or town where the land is situated, and the appointment of an agent and like registering of information regarding him in case the purchaser resides at the time of the sale, or within two years from the date of the sale comes to reside, outside of such city or town, imposes positive duties upon the purchaser at a tax sale, a violation of which is or may be found to be a limitation upon his title against the owner at least to the extent of enabling a court of equity to inquire whether the circumstances of the case are such that good conscience requires that the owner be given an opportunity to redeem even after the expiration of two years, if suit is brought within the six years limited by St. 1909, c. 490, Part II, § 76.

A certain parcel of land was sold on October 29, 1907, at a tax sale by the collector of taxes of a town to one who was not a resident of the town. The purchaser did not comply with the requirements of R. L. c. 13, § 45, in that he did not appoint an agent residing in the town or in the place where the deed was recorded and did not file with the treasurer of the town or with the register of

deeds of the district where the deed was recorded any statement of his address or of that of any agent. At the time of the sale and for more than two years thereafter, the record title of the land, aside from the tax deed, stood in the name of a person who held it for the real owner. In the summer or early autumn of 1909, the real owner of the land first learned of the tax sale and at once sought to find the purchaser at the tax sale, but was unable to do so until October 17, 1909, when the purchaser stated, as the amount claimed by him to be due in order to redeem, a sum which included items which he was not justified in charging. The real owner refused to pay the amount demanded and when he sought the purchaser later was unable to find him until after October 29, 1909, and the real owner did not pay the amount required for redemption to the collector of taxes as he was permitted to do by R. L. c. 13, § 60, as amended by St. 1902, c. 443. On December 21, 1910, having become the holder of the record title, the real owner brought in the Superior Court a bill in equity to redeem the land from the tax sale, and the judge who heard the case ruled as matter of law that the plaintiff was not entitled to redeem, and made a decree dismissing the bill, from which the plaintiff appealed. *Held,* that the decree must be reversed, since the ruling that as matter of law the plaintiff was not entitled to redeem was erroneous and the judge of the Superior Court should have considered whether all the circumstances were such as to make it equitable that the plaintiff should be entitled to redeem.

If land, while standing in the name of a person who held it for the benefit of the real owner, was sold for non-payment of taxes and if, subject to the tax sale, it remained of record in the name of the same person for more than two years, when the record title subject to the tax sale was conveyed to the real owner, the real owner is the proper person to bring a suit in equity to redeem the land and, in order to avoid the bar of the lapse of the two years within which the land should have been redeemed, he may show a failure of the purchaser at the tax sale to record identifying and descriptive information as to his residence or that of his agent in accordance with St. 1909, c. 490, Part II, § 46.

RUGG, C. J. This is a suit in equity* to redeem from a tax sale. The judge of the Superior Court filed a memorandum of facts, which so far as material are that the plaintiff is the owner of land in Oxford subject to rights acquired under a tax deed given by the collector of taxes of the town of Oxford on October 29, 1907, to one Adams. Adams, not being a resident of Oxford, did not appoint an agent residing in Oxford, nor any agent in the place where the deed was recorded, and did not file with the treasurer of the town of Oxford nor with the register of deeds a statement of his residence and place of business, nor of the name, residence and place of business of any agent, all as required by R. L. c. 13, § 45 [now St. 1909, c. 490, Part II, § 46†]. The plain-

* The bill was filed in the Superior Court on December 21, 1910. The case was heard by *Hitchcock,* J.

† " Whoever has a title to land under a sale for non-paymentof taxes or other assessment and is a resident of the city or town in which such land

tiff first learned of the tax sale in the summer or early autumn of 1909. Immediately he tried to find Adams, but did not succeed in meeting him until October 17, 1909. Adams then stated orally the amounts claimed by him to be due in order to redeem, which included items he was not authorized to charge. This was in violation of St. 1909, c. 490, Part II, § 60. Adams left Worcester, where he resided, on the following day, and the plaintiff, although making reasonable effort, could not pay or tender to him the amount required to redeem until after the expiration of two years from the tax sale. The plaintiff did not pay to the treasurer of the town of Oxford the amount which he would have been required to pay the purchaser as permitted by R. L. c. 13, § 60, as amended by St. 1902, c. 443, now St. 1909, c. 490, Part II, § 61.

Upon these facts the judge of the Superior Court ruled as matter of law, as we understand the memorandum, that the plaintiff was not entitled to redeem, and ordered that the bill be dismissed. The plaintiff's appeal presents for determination the correctness of this ruling.

It may be assumed in favor of the defendant that if Adams, the purchaser at the tax sale, had complied with the provisions of R. L. c. 13, § 45 (now St. 1909, c. 490, Part II, § 46, in substance set out above) as to filing in public records identifying information respecting himself or his agent, and requiring the appointment of a local agent by a non-resident purchaser, and if he had not demanded more than his due in violation of St. 1909, c. 490, Part II. § 60, the plaintiff would have no standing in equity, and his rights to redeem would be barred by the two year period of limitation set forth in St. 1909, c. 490, Part II, § 59.

---

lies, shall file with the treasurer of such city or town and in the registry of deeds, a statement of his residence and place of business, with the street and number, if any. Such person, who is not a resident of such city or town or who removes therefrom, shall appoint an agent residing therein, or in the place where the tax deed is recorded, authorized to release such land. He shall also file the statement above required in which he shall also state the name of such agent and his residence and place of business, with the street and number, if any. Whenever a person holding a tax title changes his residence or place of business or agent, he shall file a new certificate. Tender of payment to, and service of process upon, such agent shall be a sufficient tender to, or service upon, the holder of such tax title."

The effect between the parties of failure on the part of the purchaser to comply with said § 45 has been adverted to, but left undecided in *McNeil* v. *O'Brien*, 204 Mass. 594, 597, and *Conners* v. *Lowell*, 209 Mass. 111, 121. That point must now be decided. This statute was enacted first by St. 1882, c. 243, §§ 1 and 2, and has remained the same in substance in successive re-enactments. (See St. 1888, c. 390, §§ 45, 46; R. L. c. 13, § 45; St. 1909, c. 490, Part II, § 46.) Its purpose seems to have been to require such ease of access by a person entitled to redeem from a tax sale to the person from whom he has a right to redeem as to save him the annoyance and trouble of a protracted and uncertain search. It appears in part also to reflect a legislative distrust of the ingenuousness of purchasers at tax sales. Its enactment was not essential to some measure of protection of the person entitled to redeem, for a law had been on the statute books since 1848 permitting him to pay the money necessary to redeem to the town or city treasurer, in case he was unable to find the purchaser or his agent after reasonable search. See St. 1848, c. 166, §§ 6–8; Gen. Sts. c. 12, §§. 37, 38; Pub. Sts. c. 12, §§ 50, 51; St. 1888, c. 390, §§ 58, 59; R. L. c. 13, §§ 60, 61. The remedy in this regard has been enlarged by St. 1902, c. 443, now St. 1909, c. 490, Part II, §§ 60, 62. See *Rogers* v. *Nichols*, 186 Mass. 440. This remedy has been held repeatedly to be merely cumulative and not exclusive of others. *Clark* v. *Lancy*, 178 Mass. 460. *Barry* v. *Lancy*, 179 Mass. 112. *Perry* v. *Lancy*, 179 Mass. 183. *Rogers* v. *Nichols*, 186 Mass. 440. *McNeil* v. *O'Brien*, 204 Mass. 594. But there are limitations upon the effectiveness of the remedy furnished by this statute. Compliance with its terms would still leave outstanding upon the record the tax deed, although its effect would be neutralized by the certificate provided for in the statute. This in the minds of those not learned in real estate law might be a practical impairment of the ease of transferring title. The precise amount, to which the purchaser may be entitled, would remain undetermined. As matter of precaution it might be considered wise by a landowner to pay the largest amount which it would seem the tax purchaser would demand rather than to take the risk of not paying enough. The Legislature has made an effort to avoid this danger of the attempt at redemption failing for this reason by the last sentence of said

§ 62. But even then an action at law might be required to determine finally the correct amount. If the purchaser has been in possession and has collected rents and profits or has been compelled to repair, these items of account cannot be determined with accuracy except by interview, conference or action in the courts.* Hence it remains highly desirable that the person entitled to redeem should be able to find the purchaser, and get from him a correct statement of the amount required to be paid for redemption. A false statement in this respect, although only made a crime so far as the express letter of the statute goes (St. 1909, c. 490, Part II, § 60) may have important effects upon the civil rights of the interested parties who were intended to be directly benefited by its terms. *Bourne* v. *Whitman*, 209 Mass. 155, 169. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489. The amounts involved in tax sales, although oftentimes relatively small, may bear with hardship upon those whose property is involved, and who not infrequently are poor or in straitened financial condition. The interpretation of statutes, designed to afford a way for people of this sort to redeem their property from a purchaser at a tax sale, and therefore highly remedial in their nature, ought to be as liberal as the end in view permits with a just regard to the rights of honest and fair dealing purchasers.

It does not appear as matter of law that any injustice will be wrought to the purchaser by holding the landowner entitled to bring a petition under these circumstances. The purchaser has failed in two particulars to comply with provisions of the tax law for the benefit of the landowner. One of these failures is matter of public record, so that everybody dealing with the title is charged with notice of it. There are no equities in his favor which prevent a full inquiry into the facts by a chancery court.

It has been held that a violation of § 45 does not invalidate the sale. *Conners* v. *Lowell*, 209 Mass. 111, 121. Unless a positive effect is given to the section by enabling the landowner to obtain equitable relief against a purchaser who has violated its terms, it will become for all practical purposes a dead letter. But such a result cannot be attributed to legislation of this

---

* It was alleged in the bill and admitted in the answer in this case that the defendant had cut and removed wood from the premises and was continuing to do so.

character, unless no other is reasonably possible. It is a remedial statute. Its evident aim was to aid the landowner in redeeming without annoyance and settling once for all every question arising out of the sale. Its purpose ought not to be frustrated. A plain way is open for an effective construction of its terms, and affording a substantial relief under it. These considerations lead to the conclusion that it was the intent of the Legislature, in enacting said § 45, to accomplish something more than a mere direction, whose terms could be violated with impunity by the purchaser. This section and said § 60 impose positive duties upon the purchaser, violation of which is or may be found to be a limitation upon his title against the owner, at least to the extent of enabling a court of equity to inquire whether the circumstances are such that good conscience requires that an opportunity be given to redeem, even after the expiration of two years, if suit is brought within the six years limited in St. 1909, c. 490, Part II, § 76. See *Widersum* v. *Bender*, 172 Mass. 436. Although the plaintiff would have been barred by the two year statute of limitations contained in § 59 of the present tax law, if the purchaser had complied with the provisions of said § 45 intended to make plain to the owner the way to find the one from whom the redemption must be made, and had not attempted to collect more than the sum of money authorized by law as a condition of redemption contrary to the terms of said § 60, the violation of these statutory obligations by the purchaser opens the door for an inquiry into the whole situation in equity. The court below was not warranted in ruling as matter of law that the plaintiff could not redeem, but should have considered whether all the circumstances were such as to make it equitable that the plaintiff should be entitled to redeem.

There are many cases which hold that acts to be performed by the purchaser after the sale are in the nature of conditions subsequent, and must be strictly performed in order to perfect the title. See 2 Cooley on Taxation, (3d ed.) 1034 *et seq.*, and cases cited ; 1 Blackwell on Tax Titles, (5th ed.) 570. These have arisen under statutes differing in material respects from ours, and it is not necessary to examine them in detail. The statute under consideration does not go so far as to hold a sale invalid

because of failure to comply with its terms. *Conners* v. *Lowell*, 209 Mass. 111, 121. The rights of the landowner are amply protected by construing our statutes as enabling him to redeem in equity in proper cases.

The fact that the plaintiff was not the record owner of the real estate at the time of the sale * does not prevent him from maintaining this suit. *Rogers* v. *Lynn*, 200 Mass. 354.

*Decree reversed.*

The case was submitted on briefs.
*H. H. Lepper*, for the plaintiff.
*J. A. Thayer*, *C. B. Perry & P. D. Howard*, for the defendant.

---

* The judge found that the plaintiff was the holder of the record title to the land in question subject to the tax sale and that the "record title to the premises, aside from the title by tax deed, in 1909 and until after the time limited for redemption, stood in the name of one Henry H. Lepper, of Worcester, who held it at the request of and for the benefit of the plaintiff in this action."