WILLIAM J. HOLBROOK *vs.* FRANK H. BROWN & another.

Suffolk.    January 20, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* To redeem from tax sale, Laches, To enforce constructive trust.   *Trust,* Constructive.   *Mortgage,* Of real estate.

An heir of the mortgagor of certain land, at the request of the mortgagee, who had received notice of an impending sale for the collection of a tax assessed upon the land, promised the mortgagee that he would attend to the tax or would purchase at the sale and would protect the mortgagee's interest, and thereafter the heir's wife purchased the property at the tax sale. Two years and eight months after the sale an assignee of the mortgagee brought a suit in equity under St. 1909, c. 490, Part II, § 76, against the heir and his wife to redeem the land from the tax title. The judge who heard the case found, beside the foregoing facts, that for a year and two months after the sale the defendants had paid interest on the mortgage, that the heir, in making his promise to the mortgagee with regard to the tax and the impending sale, had acted "as the agent of his wife," and that she had testified that she had "acted not only for the benefit of herself but for the benefit of the" mortgagee "in connection with such tax sale." *Held,* that, irrespective of whether there was any intention on the part of the wife to gain an unconscionable advantage, the plaintiff should be permitted to redeem; and that no laches was shown.

BILL IN EQUITY, filed in the Superior Court on December 30, 1911, against Frank H. Brown and Ellen T. Brown his wife, in which the plaintiff averred that he was the assignee of a mortgage on certain property in Massachusetts, the mortgagee being a savings bank; that the defendant Frank H. Brown was one of two sons of the mortgagor, who had died intestate on December 19, 1907; that after the death of the mortgagor the defendant Frank H. Brown, although specifically assuring the mortgagee that he either would provide for the payment of taxes, for the collection of which from time to time sales had been ordered by the town collector, or would purchase at the sales and protect the mortgagee, had procured that the other defendant Ellen T. Brown should purchase either at the sales or from one who there purchased, and that she refused to recognize the plaintiff's right to redeem because more than the redemption period had passed since the sales.   There also were averments of invalidity of the

tax sales because of invalid assessments. The prayers of the bill were that the tax titles might be declared invalid, or if they were determined to be valid, that the plaintiff might be allowed to redeem.

The case was heard by *Hardy,* J. Among facts found by him, as stated in a memorandum, were the following:

"Inasmuch as I find upon all the evidence in this case that there was correspondence between the officials of the savings bank and Frank H. Brown, with reference to providing for the payment of taxes upon the property, and said Brown assumed to take care of same, promising to attend to it or to purchase the same and protect the interest of the bank, and inasmuch as said corporation trusted to him and relied upon him to provide for and care for such tax sale and the payment of the same, I feel that it would not be just and equitable under all the circumstances to decide the validity of the tax sale simply upon technical questions. On the other hand, as Mr. Brown assumed a position of trust in his contract with the bank in providing for and caring for the tax sale, I find that he ought not to avail himself, by reason of the sale to his wife, of an absolute title as against the rights of the bank. It seems to me it would be a fraud upon the rights of the bank to allow such a transaction to stand.

"I find from all the evidence in the case that Mr. Brown was actively interested in connection with the payment of interest in caring for the tax sale and that he was acting as the agent of his wife, and whatever promises he made in relation to the care of the property and in caring for the interests of the bank would be binding upon the wife. In fact the wife testified upon the stand that she acted not only for the benefit of herself but for the benefit of the bank in connection with such tax sale.

"Inasmuch as I find that such trust and confidence was reposed in the defendant, I find that the plaintiff, having acquired the interest of the bank in the property, should have the right to redeem, and a proper decree should be prepared allowing the plaintiff to redeem said property from the incumbrances that exist upon the property by reason of such tax sale. Such decree is to be prepared by the plaintiff."

The judge also found that, after the death of the original mortgagor, on December 19, 1907, the defendants paid eleven

instalments of interest on the mortgage note, the last instalment being paid on June 10, 1910. The first tax sale occurred on April 5, 1909.

The other material facts are stated in the opinion.

A final decree ordering redemption was entered. The defendants appealed.

The case was submitted on briefs.

*A. Sanford,* for the defendants.

*F. W. Brown & W. L. Came,* for the plaintiff.

BRALEY, J. The defendants alone having appealed from the final decree, the question before us is whether the plaintiff is entitled to the relief granted. *Holbrook* v. *Schofield,* 211 Mass. 234.

It is sufficiently certain that the period in which the bank as mortgagee or the plaintiff could have redeemed from the first sale as of right under the R. L. c. 13, § 58, now St. 1909, c. 490, Part II, § 59, cl. 4, had expired at the date of filing the bill. The plaintiff, however, is not without a remedy. By the R. L. c. 13, s. 75, as amended by St. 1905, c. 325, § 3, and codified in St. 1909, c. 490, Part II, § 76, any person having an interest in land sold for the non-payment of taxes where the right to redeem within two years has been lost, may have relief in equity if relief is sought within six years from the sale, and if prior to bringing suit, a tender has been made of an amount sufficient to cover the original sum, intervening taxes, costs, and interest to the date of tender, for a period not to exceed two years from the time of sale. *McNeil* v. *O'Brien,* 204 Mass. 594. *Solis* v. *Williams,* 205 Mass. 350. *Davidson* v. *Stafford,* 210 Mass. 145.

The answers admit that the defendant Ellen T. Brown claims title to the premises under the deeds of the collector of taxes, copies of which are annexed to the bill, and that a sufficient tender has been made, but she contends, that the right to redeem has been lost, as the bank under whom the plaintiff derives ownership by assignment of the mortgage, had actual notice of the first tax sale within two months after it had been made.

The several deeds by the collector had been duly recorded when the plaintiff purchased, and while he is charged by the record with constructive notice of the defendant's title, he also succeeded to all the rights of the mortgagee. *Swasey* v. *Emerson,*

168 Mass. 118. R. L. c. 127, § 4. *Hills* v. *Eliot*, 12 Mass. 26.
*Faxon* v. *Wallace*, 98 Mass. 44. *McGauley* v. *Sullivan*, 174 Mass.
303. *Hawks* v. *Davis*, 185 Mass. 119.

The defendants are husband and wife, and upon the death
of his mother, by whom the mortgage and note were given, the
defendant Frank H. Brown became seised of an undivided half
in the equity of redemption. It is stated in the memorandum
of the judge, which is to be treated as his findings of fact, that
at the request of the bank he promised to provide for payment
of the taxes, or to purchase the property and to protect the in-
terest of the mortgagee. *Cohen* v. *Nagle*, 190 Mass. 4. The
judge found further, that not only did the mortgagee rely upon
this promise, but that in making the arrangement he acted in
behalf of his wife, who testified she purchased at the sale as well
for the benefit of the bank as of herself. The subsequent sales
by the collector sanctioned by her, and under which she appar-
ently sought to strengthen and perfect a title now asserted as
paramount, were also in direct violation of the agreement. It is
unnecessary for the purpose of relief, that there should have
been an actual intent to gain an unconscionable advantage.
*Potter* v. *Kimball*, 186 Mass. 120. If, without deciding, it be
assumed that the several assessments and sales were valid, the
defendant, if redemption is denied, has succeeded in destroying
the title of the mortgagee, which she expressly undertook to pro-
tect and preserve. *Solis* v. *Williams*, 205 Mass. 350, 353. *Abbott*
v. *Frost*, 185 Mass. 398.

The property had been assessed to the heirs of the mortgagor,
and payment of the taxes at the first sale would have enured to
the benefit of all parties, and discharged the lien. But if the
defendant chose to purchase, the title acquired as between her-
self, the bank, and the plaintiff, must be deemed by force of the
agreement as subordinate to the mortgage. *Potter* v. *Kimball*,
186 Mass. 120. *Bailey* v. *Wood*, 211 Mass. 37. The findings are
not explicit as to the subsequent conduct of the defendants, but
it is not shown that either repudiated the agreement, or gave
notice of any adverse claim, until the tender was refused and suit
had been brought.

It is true that the bill was not filed until two years and a half
after actual notice of the first sale, but under the circumstances

the delay cannot be held to have been unreasonable or unex-- plained. *Widersum* v. *Bender*, 172 Mass. 436, 437. *O'Callaghan* v. *Lancy*, 187 Mass. 474.

The result is that the decree allowing the plaintiff to redeem from all the sales having been in accordance with the terms of the statute, it should be affirmed with costs.

*Ordered accordingly.*