L. GORDON GLAZIER, trustee, *vs.* JOHN EVERETT.

Norfolk.   March 6, 7, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Equity Jurisdiction,* Suit to redeem from tax sale.   *Tax,* Redemption from tax sale, Notice by non-resident owner of tax title.   *Equity Pleading and Practice,* Appeal, Decree.   *Deed,* Construction, In trust.   *Trust,* Succession of trustee. *Eminent Domain.   Damages,* For property taken or impaired under statutory authority.

On an appeal from a decree for the plaintiff in a suit in equity in the Superior Court under St. 1909, c. 490, Part II, § 76, to redeem land from a tax sale, where the evidence was taken by a commissioner but no statement of facts found was made by the judge, this court must review the evidence and decide the case on their own judgment both as to facts and as to law, but the trial judge's findings as to facts upon oral testimony necessarily implied by his disposition of the case are not to be reversed unless plainly wrong.

In a suit in equity under St. 1909, c. 490, Part II, § 76, to redeem land from a tax sale which occurred more than two but less than six years before the commencement of the suit, if it appears that the defendant, who purchased the land at the tax sale, did not reside in the town where the land was and had not appointed the agent nor given the notice required of such a non-resident owner of a tax title by St. 1909, c. 490, Part II, § 46, a decree should be entered for the plaintiff if the general equities disclosed by the evidence require it.   Following *Davidson* v. *Stafford,* 210 Mass. 145.

In the present suit it appeared that, shortly after the assessment of the tax for the collection of which the land was sold, the land was conveyed to a trustee for an unincorporated association of individuals called a land company, that the trustee died before the sale, leaving his affairs considerably involved, that two persons

who in turn had succeeded him as trustees had been diligent in efforts to disentangle his affairs and had had no actual notice of the tax sale until just before the commencement of the suit, that the property in the meantime had been taken by the town by eminent domain for water supply purposes, that the value of the claim for damages for such taking of the land was said to be $2,000 and that the amount due on redemption was $14. *Held,* that the general equities required a decree for the plaintiff.

A deed of land recited that the consideration was paid by B "as he is Trustee of a voluntary association known as the" O Company. The grant was to B "Trustee" and the habendum to B, "Trustee, and his successors theirs and assigns." A declaration of trust by B as trustee of the O Company, an unincorporated association of individuals formed for the purpose of dealing in land, was recorded in the same registry of deeds as was the deed. The declaration of trust was not referred to specifically in the deed. *Held,* that the conveyance was intended to be to B in his capacity as trustee for the association.

Where, upon the death of a trustee who held title to land as trustee of an unincorporated association of individuals called a company, a declaration of which trust was recorded in the registry of deeds, two successors were appointed in turn, the first by the Probate Court and, upon his death, the second by selection of the holders of a certain number of the shares, both of which methods were provided for in the declaration of trust, the trustee last appointed thereby succeeds under the provision of R. L. c. 147, § 6, to a right to maintain a suit in equity under St. 1909, c. 490, Part II, § 76, to redeem the land from a sale made after the death of the original trustee for the collection of a tax assessed before the property was conveyed to the original trustee.

Where in such a suit it appears that a decree should be made for the plaintiff, but it also appears that since the tax sale the land has been taken by eminent domain by the town for water supply purposes and that a claim for damages resulting from such taking is unsatisfied, the decree should recite that the plaintiff is entitled to redeem upon the tender or payment of the tax, interest and proper charges, should state the fact of the tax sale and the taking by the town and should include a mandate that the defendant execute and deliver to the plaintiff an assignment of all his right, title and interest in the damages accruing from such taking, together with the right to use his name so far as necessary for the collection of the damages by petition or otherwise, but without expense to him.

RUGG, C. J. This is a bill in equity under Part II, § 76, of the tax act (St. 1909, c. 490), to redeem land sold for taxes. The case was heard by a judge of the Superior Court,* who, without making any finding of facts, entered a decree in favor of the plaintiff. The evidence was taken by a commissioner. No rulings of law were requested and no exceptions taken. The defendant's appeal brings the case here. The entry of the decree implies a finding of every fact essential to the right entry of that decree permitted by the evidence. It is for this court to review the evidence and decide the case on its own judgment, both as to facts as well

---

* *Dubuque,* J.

as law. But under the familiar rule, where oral testimony has been heard, the finding of the trial judge as to facts, either expressly made or necessarily implied by his disposition of the case, will not be reversed unless plainly wrong. *Lindsey* v. *Bird,* 193 Mass. 200.

The sale to the defendant was made upon the tax assessed for the year 1907 to one Devlin. No question has been made as to the correctness of the assessment and the regularity of the sale, which occurred in September, 1909.

The defendant, who was the purchaser at the tax sale, resided in Canton. He did not appoint an agent residing in Sharon, where the land was situated, or in Dedham, where the deed was recorded, authorized to release the land, and he did not file with the treasurer of Sharon nor in the registry of deeds at Dedham a statement of his residence and place of business. Thus he failed wholly to comply with the provisions of § 46 of Part II of the tax act. It was held in *Davidson* v. *Stafford,* 210 Mass. 145, that such failure was sufficient ground to warrant the sustaining of a bill in equity for redemption within the six years limited by § 76, even though after the expiration of the two years, which is the usual limit for redemption from tax sales fixed by § 59. That case governs the present upon that point. The question is whether the general equities disclosed by the evidence require a decree in favor of the plaintiff.

A declaration of trust signed by John A. Bowman, dated June 30, 1899, recited among other matters the conveyance of certain lands therein described to him as trustee for the benefit of holders of certificates in an unincorporated association of named individuals, who also signed the declaration. The name of the association was the Oakland Park Land Company. The general purposes of the trust were to manage, develop and sell the real estate therein described, and to purchase other real estate, and to hold and dispose of all of it in accordance with the trust.

The land in question was conveyed to John A. Bowman as trustee by deed recorded in May, 1907. He died in February, 1908. The declaration of trust provided that, in case of the death of the trustee, his successor might be appointed by the judge of the Probate Court for the county where the land was situated. In accordance with this provision, George M. Glazier was appointed trustee in October, 1908. He died in February, 1914, and the present plaintiff was appointed trustee by two shareholders in the

trust holding not less than a majority of the shares, which was another method for filling a vacancy in the position of trustee provided by the declaration of trust. This declaration of trust was recorded in the registry of deeds for the county where the land was situated.

Although the declaration of trust was not referred to specifically in the deed by which the land was conveyed to John A. Bowman, yet that deed recited the consideration as "paid by John A. Bowman . . . as he is Trustee of a voluntary association known as the Oakland Park Land Company," and the grant was "unto the said John A. Bowman, Trustee," and the habendum "to the said John A. Bowman, Trustee, and his successors theirs and assigns." Although the conveyance is not expressed with accuracy, yet its intent is not difficult to discover. It disclosed the payment of the consideration by Bowman as trustee for the Oakland Park Land Company. That fact would be enough to raise a resulting trust in favor of the one paying the consideration, even though the conveyance had been to Bowman alone. *Howe* v. *Howe,* 199 Mass. 598. But the grantee named is "John A. Bowman, Trustee." This in connection with the rest of the deed shows that the conveyance was intended to be to Bowman in his capacity as trustee of the association. It is enough to disclose a design to bring it under the operation of the declaration of trust. *Byam* v. *Bickford,* 140 Mass. 31. The effectuation of this intent is not inconsistent with any rule of law or incompatible with the terms of the grant. *Simonds* v. *Simonds,* 199 Mass. 552, 554.

The title to the land vested in Bowman as trustee. At common law the appointment of new trustees in succession by the parties (not in execution of a special power), did not vest the title in the new trustees without conveyance. *Peabody* v. *Eastern Methodist Society in Lynn,* 5 Allen, 540. It was said by Wells, J., in *National Webster Bank* v. *Eldridge,* 115 Mass. 424, 428, that "The appointment of the trustees not having been made under the authority of the statute, it would follow . . . that the provisions of the Gen. Sts. c. 100, § 9, would not operate to vest the title in them." That decision was rendered in 1874. The difficulty there pointed out was remedied by St. 1878, c. 254, whereby it was provided that the title to property held by trustees should vest in their successors "chosen or appointed in conformity to any

written instrument creating a trust, in place of former trustees thereunder." This statute is embodied in effect in R. L. c. 147, § 6. It follows that the title to the land in question, having vested in Bowman as trustee, devolved upon his successors in turn, appointed according to the terms of the declaration of trust, without special conveyance. *Parker* v. *Converse,* 5 Gray, 336. *Nugent* v. *Cloon,* 117 Mass. 219, 221. *Sells* v. *Delgado,* 186 Mass. 25, 29. The plaintiff is therefore the proper person to bring a petition to redeem. He took the title to the trust property by selection and acceptance, which was the only qualification required by the trust. *Bisbee* v. *Mackay,* 215 Mass. 21, 23.

The circumstances are such as to warrant the maintenance of a bill to redeem. Bowman died before the land was sold for taxes. There was evidence that his affairs were considerably involved, both individually and in connection with another trust, as well as with that of the Oakland Park Land Company; that his two successors were diligent in their efforts to untangle these affairs and that they had no actual notice of the tax sale until just before the present suit was instituted. The value of the claim for damages which now stands in place of the property is said to be $2,000, while the amount due on redemption is about $14. The defendant has made no expenditures on the land. The bill was seasonably brought after knowledge of the tax sale. Without narrating the evidence further, it is enough to say that we think the plaintiff is entitled to redeem. *Widersum* v. *Bender,* 172 Mass. 436. *Holbrook* v. *Brown,* 214 Mass. 542.

There is one condition which renders necessary a modification of the decree.* The land was taken by the town of Sharon under the power of eminent domain for a water supply in 1913. Thus the title to the land before the filing of the present bill had been seized by the authority of the sovereign vested in the town. *Weeks* v. *Grace,* 194 Mass. 296. Therefore there is no land title to redeem. All that remains is the right of action against the town.

---

. * The original decree recited that "it was adjudged, ordered and decreed" that the plaintiff be allowed to redeem from the defendant the land described in the bill, upon the tender or payment of $14.13 by the plaintiff to the defendant and that defendant "shall forthwith execute, acknowledge and deliver to the" plaintiff "a proper deed conveying to him all his right, title and interest in and to" the parcel of land described in the bill.

Under the tax act, Part II, § 44, the deed conveyed, "subject to the right of redemption, all the right and interest which the owner had in the land when it was taken for his taxes." The sale for taxes therefore "creates a title paramount" which would become absolute by the lapse of time. *Langley* v. *Chapin*, 134 Mass. 82. In equity the right to petition for the assessment of damages caused by the seizure under eminent domain and the money due therefor, St. 1913, c. 128, § 3, stands in place of the land and may be treated as the land would be treated if there had been no taking by the town. *Gibson* v. *Cooke*, 1 Met. 75. *Holland* v. *Cruft*, 3 Gray, 162, 180. *Simonds* v. *Simonds*, 112 Mass. 157, 164. It does not appear whether the defendant as the person appearing of record as the owner, *Butler* v. *Stark*, 139 Mass. 19, *Conners* v. *Lowell*, 209 Mass. 111, 122, has brought a petition for the assessment of the damages caused by the taking. In any event the decree should be modified by striking out the requirement that the defendant execute a deed, and by substituting a recital of the tax sale and of the taking by eminent domain by the town, and by inserting a mandate that there be executed and delivered to the plaintiff by the defendant an assignment of all his right, title and interest in the damages accruing from such taking, together with the right to use his name so far as necessary, but without expense to him, for the collection of the damages by petition or otherwise. The decree also is to be modified as to the amount to be paid by the plaintiff, so far as may be necessary by the lapse of time, and to include the costs of appeal. The details may be settled in the Superior Court.

*So ordered.*

J. Everett, pro se.

W. H. Rand, Jr., (J. A. McNamara with him,) for the plaintiff.