Charles J. Dodge, et al.
vs.   Eq. No. 10955.
Frank C. Dodge, et al.

December 3, 1931.

BAKER, J. This bill is brought by two sons and a daughter against their father, John W. Dodge, their brother, Frank C. Dodge, and the latter's wife, Jeanne Dodge.

The bill seeks to have set aside and declared void certain conveyances made by the respondents subsequent to April 26, 1929. It also asks that the respondent Frank C. Dodge be removed as trustee under a certain declaration of trust, that a receiver be appointed, and for other and further relief by way of injunction against the respondents.

The principal grounds urged in support of the bill are that the respondent John W. Dodge, at the time he executed certain instruments subsequent to April 26, 1929, was infirm of mind and body and was not of sufficient mental capacity to knowingly execute said instruments, and also that after said date he acted under the influence and control of the other respondents, Frank C. Dodge and Jeanne Dodge, and that said instruments were not his free act and deed but were executed by reason of the fraudulent and undue influence of the last named respondents.

The testimony in brief shows that John W. Dodge, who formerly lived in Barrington in this State, has had his actual residence for a considerable number of years in Wareham, Massachusetts, where he has been engaged with some success in the cranberry business. Recently he has lived with the respondents Frank and Jeanne. The complainants reside in this State. John W. Dodge is now in his eighty-second year. In 1928 he had a slight shock concerning which his physician, Dr. Stillman, testified. Apparently it affected him somewhat physically but mentally his condition remained good. In January, 1929, he came through a very severe attack of pneumonia, during which he was at a hospital in New Bedford. In April, 1929, he conveyed all his real estate in Massachusetts and Rhode Island to his two sons Frank and Charles, and they, at the same time, executed a declaration of trust which has been referred to as a Massachusetts business trust. The general purpose of the trust, apparently, was to relieve the old gentleman of the actual conduct of the cranberry business. Thereafter, in November, 1929, the respondent John W. Dodge removed the complainant Charles J. Dodge as a trustee under said trust and did not fill the vacancy, leaving the respondent Frank C. Dodge as sole trustee. In December, 1929, John W.

Dodge executed a certain instrument, which was duly recorded and which has been referred to as "instructions to trustees," which related to the distribution of the trust estate at the termination of the trust. In the early part of the year 1930, certain conveyances were made and a mortgage was foreclosed which gave the respondent Jeanne Dodge title to several small parcels of land and a bungalow. This was done with the consent of the respondent John W. Dodge and was known in the testimony as the "Mackintosh transaction." In August, 1930, the cranberry bogs in Wareham, with the authority and consent of John W. Dodge, were conveyed to the respondent Jeanne Dodge, who immediately reconveyed them to her husband, the respondent Frank C. Dodge. In these conveyances John W. Dodge retained a life interest in an undivided half of the property conveyed. In October, 1930, all the rest of the real estate in Massachusetts, which comprised certain uplands in Wareham, was conveyed in the same manner as the cranberry bogs hereinbefore referred to were transferred, except that the respondent John W. Dodge retained a life estate in the whole. In December, 1930, Frank C. Dodge, as sole trustee, conveyed to his wife Jeanne Dodge, with the authority and consent of John W. Dodge, about fourteen acres of land in Barrington, Rhode Island.

It is the removal of the complainant Charles as one of the trustees and the series of conveyances following thereafter which the complainants are attacking in this bill.

In contesting the bill, the first question raised by the respondents relates to the right of the complainants to maintain a bill in the form of the present one.

In addition to lack of mental capacity on the part of the respondent John W. Dodge and a claim of fraud and undue influence exercised by the respondents Frank C. and Jeanne, the

complainants also urge as a matter of law the impropriety of dealings of the type hereinbefore referred to between a trustee and his cestui que trust.

There can be little question but that the general claim of the complainants in this regard is sound. It seems well settled as a principle of law, both in this State and generally, that a purchase by a trustee from his cestui que trust, even for a fair price and without any undue advantage, is generally voidable and will be set aside on behalf of the beneficiary. It seems, however, equally plain that proceedings to set aside such conveyances must be brought either by the cestui himself or by some guardian or conservator properly appointed to represent him.

Butman, Guardian, vs. Whipple, 25 R. I. 578;

Nichols, Conservator, vs. McCarthy et als., 53 Conn. 299.

In this connection it may be noted that in September, 1930, the Probate Court of the Town of Barrington refused to appoint a guardian over the person and estate of John W. Dodge and from this finding no appeal was taken.

After giving the matter careful consideration, the Court is clearly of the opinion that the complainants Samuel and Helen have no standing such as to enable them to maintain a bill of this nature. Their father, John W. Dodge, is still alive. Provided he is in full possession of his mental faculties, he has a legal right to dispose of his estate as he desires. The question of his moral responsibilities is not before the Court. This unfortunate family controversy, such as usually comes after a man's death, was undoubtedly precipitated during the lifetime of John W. Dodge by reason of the execution of the declaration of trust, the instructions to trustees and the series of conveyances which followed.

The complainants Samuel and Helen are merely heirs apparent. It is conceivable that they may die before their father. Under such circumstances the Court does not believe they can maintain a bill of this type.

Sellman vs. Sellman, 63 Md. 520.

The complainant Charles is in a somewhat different position from the other complainants. He has been one of the two trustees under the original conveyance and the declaration of trust. He urges that he was improperly removed by reason of the influence of his brother and co-trustee, the respondent Frank, and still claims to be a trustee.

An examination of the declaration of trust, and particularly the sixth paragraph thereof, seems to show that the beneficiary (in this case John W. Dodge) had the power in his sole discretion to remove any trustee and "may fill any vacancy created by the resignation or removal of a trustee." After considering the language used in this instrument, the Court believes that the beneficiary had the power, if he saw fit, to remove any trustee without having or giving any reason therefor, if he so wished. Further, it does not seem mandatory upon him to fill the vacancy. In that connection the word "may" is used.

There is no clear or definite testimony in the case that Frank brought about the removal of Charles as trustee. At best this is inference and suspicion. Various reasons, some of them more or less contradictory, were given by the respondent John W. Dodge as to why he had done this. If his testimony is to be believed, however, that he had had trouble with Charles about his work on the bogs, that the latter wanted too much money when he came from Barrington to Wareham, that he refused to reconvey certain property in Barrington obtained when John W. Dodge was seriously ill in the hospital in New Bedford, together with other difficulties, then the Court cannot say that said respondent John W. Dodge did not in his own mind have sufficient reason for removing Charles.

Concerning the removal and the conveyance which followed, two theories are possible. The complainants' is that the elder Dodge was mentally weak and unduly influenced by the other respondents. The respondents' explanation is that he was aroused and angered by the complainants, or children in Rhode Island as they were called, by reason of their attitude toward him and their anxiety to have a guardian appointed over him, and that he determined that they should not receive any of his property. No direct testimony supports the complainants' contention.

Of course the respondent, John W. Dodge, is now a very old man. Undoubtedly he is somewhat forgetful about recent events and is unable to remember distinctly all the details of the rather complicated transactions which have taken place in regard to his property. At the same time, in the judgment of the Court he seems to have a fairly good grasp of the situation as a whole and, in the main, to understand what he has done and what has taken place. The respondent's acts were explained and supported by his own evidence and by the evidence of his attorney in Wareham, Mr. Lincoln, his physician, Dr. Stillman, and a banker, Mr. Whitcomb, who took the acknowledgments to many of the instruments in controversy.

A consideration of all the evidence leads the Court to the conclusion that the complainant Charles has not proved by a fair preponderance of the testimony that he was improperly removed as a trustee or that he is at the present time still a trustee under the declaration of trust. The Court is therefore of the opinion that he is in the same general position as his brother Samuel and his sister Helen, and that he has no standing to maintain this bill as a party complainant. Charles also urges that, even though he was removed as trustee by his father, he still has the naked legal title to the Rhode Island real estate, never having reconveyed the same, and therefore has sufficient interest to enable him to be a party complainant.

The Court is inclined to think that, as far as the naked legal title to the Rhode Island real estate is concerned, Charles' contention is probably correct and that he still has such a title.

Koehne, Trustee, vs. Beattie et als., 36 R. I. 316;

Glazier vs. Everett, 224 Mass. 184.

In the judgment of the Court, however, such a title alone, without some further interest, is not sufficient to enable Charles to be a party complainant to a bill of this kind.

The complainants also argue that by virtue of the instrument of December, 1929, referred to as "instructions to trustees," they have a vested or present interest in the estate which qualifies them to bring this bill. A consideration of that document leads the Court to the opposite conclusion. It would seem that this instrument was testamentary in character and was apparently executed under the provisions of Sec. 10 of the declaration of trust. It was also executed with all the formalities of a will and if testamentary presumably could be changed. The Court feels that it created no such present interest in their father's estate as would now be available to the complainants.

Pending the disposition of this matter a preliminary injunction was issued which in its scope was perhaps broad enough to prevent the respondent John W. Dodge from making testamentary instruments of any kind.

In the judgment of the Court this injunction should not stand. If the respondent John W. Dodge attempts to dispose of any of his property by will, the complainants are given the usual and adequate remedy at law for contesting the validity of such a document if they believe their father is not capable of executing one.

In the opinion of the Court this

gives them sufficient protection and they are not entitled to the processes of the equity court by way of injunction to prevent any action by John W. Dodge in this connection.

In conclusion, therefore, the Court is of the opinion that no one of the complainants on the record as presented is in a position to maintain this bill. The prayers of the bill are therefore denied, the bill is dismissed and the injunction heretofore entered is vacated.

For complainants: E. W. Bradford, Arthur Cushing, William Sweeney, Boss & McMahon.

For respondents: Hinckley, Allen, Tillinghast, Phillips & Wheeler, Harold A. Andrews and S. Everett Wilkins, Jr.