GEORGE M. BARTHOLOMEW *vs.* FRANCIS M. WELD & another.

Suffolk.    Nov. 22, 1878. — July 25, 1879.    MORTON & LORD, JJ., absent.

A bill in equity, on the Gen. Sts. c. 113, § 2, *cl.* 11, cannot be maintained by a cred-
itor, to order a trustee to transfer and pay to the plaintiff, upon the future death
of the equitable tenant for life of the trust fund, so much of a debtor's share,
as devisee of an equitable remainder in the trust fund, as may be necessary to
satisfy the plaintiff's claim.

BILL IN EQUITY, filed April 8, 1878, against Francis M. Weld
and William Minot, setting forth debts due and payable from the
defendant Weld to the plaintiff; and alleging that Christopher
M. Weld, deceased, by his last will and testament, duly proved
and allowed on April 8, 1878, devised all the residue and re-
mainder of his estate to the defendant Minot, in trust, to pay
the income thereof to Mary Ann P. Weld, wife of the testator,
during her life, and on her decease to convey the trust prop-
erty in equal proportions to four persons therein named, one of
whom is Francis M. Weld; that said residue and remainder is
of the value of $40,000 and upwards, of which Francis M. Weld
is entitled to one quarter as aforesaid; that the wife of the
testator survived him, and is still living; that Minot has been
duly appointed executor of and trustee under the will, and has
accepted the trusts; and that Francis M. Weld has a property,
right, title or interest, legal or equitable, in said trust and trust
property within this state, which cannot be come at to be at-
tached or taken on execution in a suit at law against him,
and which should be applied to the payment of the plaintiff's
claim.

The prayer of the bill was, that the plaintiff might have judg-
ment against Francis M. Weld for the sum due him, as above;
and that Minot might be decreed to pay over and convey to the
plaintiff, on the decease of the testator's wife, all sums of money
and property to which Francis M. Weld may be entitled under
said devise in trust, or so much thereof as may be necessary to
satisfy the plaintiff's claim.

At the hearing, before *Endicott*, J., the bill was taken for
confessed, and the plaintiff requested the judge to enter a de-

cree that the plaintiff recover of the defendant Weld the sum of $15,906.63, and costs; and that the defendant Minot, as trustee under the will of Christopher M. Weld, "shall transfer, pay over and convey to the plaintiff, on the decease of Mary Ann P. Weld, wife of said Christopher M. Weld, so much of the trust property and estate then held by him as trustee, as aforesaid, as he is in said will directed to transfer, pay over and convey to said Francis M. Weld, and as may be necessary to satisfy and discharge the decree hereby rendered in favor of the plaintiff, with interest thereon from the date of this decree."

The judge declined to enter the decree, and was of opinion that the bill should be dismissed; but, at the request of the plaintiff, reported for the consideration of the full court the question whether the bill should be dismissed, or the decree prayed for be entered, or what other decree, if any, should be entered.

*R. Stone, Jr.*, for the plaintiff, cited *Silloway* v. *Columbia Ins. Co.* 8 Gray, 199 ; *Davis* v. *Werden*, 13 Gray, 305; *Moody* v. *Gay*, 15 Gray, 457 ; *Rice* v. *Stone*, 1 Allen, 566 ; *Crompton* v. *Anthony*, 13 Allen, 33 ; *Barry* v. *Abbot*, 100 Mass. 396 ; *Tucker* v. *McDonald*, 105 Mass. 423 ; *Anthracite Ins. Co.* v. *Sears*, 109 Mass. 383 ; *Lord* v. *Harte*, 118 Mass. 271.

No counsel appeared for the defendants.

GRAY, C. J. The purpose of the statute on which the plaintiff relies is to authorize the present application in equity, to the payment of the plaintiff's debt, of an interest of his debtor, which cannot be come at to be attached or taken on execution at law. Gen. Sts. *c.* 113, § 2, *cl.* 11. The interest sought to be reached in the case before us is the interest of the debtor as devisee of an equitable remainder in a trust fund, after the death of the testator's widow. The only relief, beyond the establishment of the plaintiff's debt, prayed for in the bill, or suggested in the form of decree submitted by the plaintiff's counsel, is that the trustee may be ordered to transfer and pay to the plaintiff, upon the death of the widow, so much of the debtor's share in the trust fund as may be necessary to satisfy the plaintiff's debt and interest. Such an order, to take effect at a future and uncertain time, for the transfer to the creditor of property of his debtor,

without ascertaining its value by judicial sale or appraisal, is not warranted by any precedent cited at the bar, and does not appear to the court to be within the contemplation of the statute upon which the bill is founded.                              *Bill dismissed.*