EDWARD RUSSELL & another *vs.* THOMAS S. MILTON
& others.

Suffolk.    March 27. — June 29, 1882.    ENDICOTT & FIELD, JJ., absent.

A testator gave the residue of his property to trustees upon the trusts, first, to pay all the income to his widow during her life; second, upon her death, to divide the trust estate into as many parts as there were children of him and his wife then living, and deceased leaving issue then living; and third, to hold one of said parts in trust for his son T. and to pay him semiannually the net income arising therefrom to a certain amount annually, and, in the discretion of the trustees, to further pay him the excess of the net annual income above the amount named; with a limitation over, upon the death of T., of the principal and accumulated income. Within a month after the will was proved, before the estate was settled and before any property was transferred to the trustees, and while the widow was living, a creditor of T. brought a bill in equity, under the Gen. Sts. c. 113, § 2, cl. 11, to reach and apply to the payment of his claim the interest of T. in the trust fund. *Held,* that the bill could not be maintained.

MORTON, C. J. The will of William H. Milton, after providing for an annuity to his sister, gives the residue of his property to trustees. The trusts upon which the estate is settled, so far as necessary to be stated for the purposes of this case, are,

first, that the trustees shall pay all the income to his widow, Amelia Milton, for her life, "trusting that she will do with said income all that is necessary during her life toward the support of our beloved children;" second, upon the death of the widow, the trustees are "to divide said trust estate into as many parts as there are children of me and my said wife then living, and deceased leaving issue then living;" and third, to hold one of said parts in trust "for my son Thomas S. Milton if then living, and to pay him semiannually the net income and interest arising therefrom during his life to the extent of four thousand dollars annually, and further to pay him semiannually the excess of the said net annual income above four thousand dollars, if any, if and to such extent as in the judgment of my said trustees the then conduct of said Thomas S. Milton shall deserve it;" with a limitation over upon the death of said Thomas S. Milton of the principal and accumulated income.

The object of this bill in equity is to reach and apply the interest of Thomas S. Milton under these provisions to the payment of a debt due by him to the plaintiff.

The bill was brought within a month after the will was proved, before the estate was settled, and before any property was transferred to the trustees. The widow of the testator is still living. We do not deem it necessary to decide whether, under the provisions of this will, Thomas S. Milton takes any estate which vests in him before the death of his mother. Assuming that he takes an estate in the nature of a vested interest in an equitable contingent remainder, which he could assign, we are of opinion that it is not such an estate as is within the contemplation of the statute upon which the plaintiff relies. Gen. Sts. *c.* 113, § 2, *cl.* 11.   Pub. Sts. *c.* 151, § 2, *cl.* 11.   Even if the trust fund had been transferred to the trustees, they would be required to pay the whole of the income to the widow of the testator, and could not appropriate any part of it to the payment of the plaintiff's debt.

No decree for the present application of any part of the income could be made against the trustees, and the statute does not contemplate that the court can order the trustees to pay at a remote and uncertain time the income which may then be payable to the debtor.   *Bartholomew* v. *Weld*, 127 Mass. 210.

The only other decree which could be entered would be a decree against the defendant Milton alone, requiring him to transfer his interest under the will to the plaintiffs, or authorizing a sale of it by auction or otherwise.

The purpose of the statute is to reach property of the debtor in the hands of a third person, which cannot be come at to be attached or taken on execution, and not to compel a debtor to assign and apply to the plaintiff's debt property under his control or in his hands, the proceeding being in the nature of an equitable trustee process as distinguished from a creditor's bill. *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558.

In the case before us, it is not in the power of the debtor to obtain anything under his father's will to apply to the plaintiff's debt. It would work a great and unconscionable hardship upon him to order a sale of his estate. His interest, if vested, is uncertain and contingent; it has no market value, and any purchase of it would be a mere speculative venture. We do not think the statute contemplates that such an uncertain contingent and speculative interest can be seized and sold by a creditor by proceedings in equity. *Bill dismissed.*

*C. H. Hill & W. S. Macfarlane*, for the plaintiffs.

*T. P. Proctor*, for the defendants.