WILLIAM D. FORBES *vs.* MARY W. LOTHROP & another.

Suffolk.   March 25. — Sept. 5, 1884.   DEVENS & COLBURN, JJ., absent.

A testator by his will gave to trustees a certain sum, in trust to "pay to my daughter the income thereof for her own sole and separate use, taking therefor her own receipt;" devised the residue of his estate to his wife for her life, and directed that the balance remaining should be equally divided among his children and their heirs by right of representation, "my daughter's share to be held in trust as aforesaid;" that his sons, if of age, should receive their respective parts free from trust; otherwise, in trust until they should severally become of age, "it being my will that my daughter shall have also the income for life of an equal share of my remaining estate after my wife's decease;" and that "all the property in trust for my daughter may be disposed of by her at her decease by will or otherwise." *Held,* that, after the death of the testator's widow, both the principal and income of the daughter's interest in the trust fund could be reached by her creditors by a bill in equity, under the Pub. Sts. c. 151, § 2, cl. 11.

W. ALLEN, J. This is a bill in equity, under the Pub. Sts. c. 151, § 2, cl. 11, by a judgment creditor of the defendant, Mary W. Lothrop, to reach and apply, upon his debt, her interest in a trust fund held by the defendant, the Boston Safe Deposit and Trust Company. The case was heard upon the pleadings and agreed facts, and two questions were reserved: First, Can the plaintiff reach the principal of the trust fund? Second, Can the plaintiff reach the income of the trust fund?

The material provisions of the will of Israel Ward, the father of Mrs. Lothrop, under which she derives her interest, are as follows: "I give, devise, and bequeath to my trustees hereinafter named five thousand dollars, to be held by them on this special trust, that they shall pay to my daughter, Mary T. Ward, the income thereof for her own sole and separate use, taking therefor her own receipt." The testator, after giving the residue of his estate to his wife for her life, subject to certain charges, disposes of the remainder as follows: "At my wife's decease, the balance of my property remaining in her hands shall be equally divided among my children and their heirs by right of representation who may survive her; my daughter Mary's part to be held in trust as aforesaid; but my sons, if of age, to receive their respective parts free from trust; otherwise, in trust until they shall severally become of age; it being my will that my daughter shall have also the income for life of an equal share of my remaining estate after my wife's decease; and if my daughter marry, then she is to have $1000 in addition, as a present for which she shall not be charged; and all the property in trust for my daughter may be disposed of by her at her decease, by will or otherwise. . . . . Should my wife again marry and cease to be my widow, then the balance of my estate in her hands is to be equally divided among my children then living, or their heirs by right of representation, but upon the trust and restrictions herein provided for," excepting certain specified property, of which she is to have the use for her life, and at her decease "the same to be equally divided among all my children and their heirs by right of representation."

The wife of the testator has deceased, and there is about $26,000 in personal property in the hands of the defendant company in trust for Mrs. Lothrop, under the will.

It is clear that the income of the fund, or Mrs. Lothrop's equitable life estate in the fund, can be reached by her creditors. Her separate property is liable for her debts, and generally an equitable estate or interest in property is alienable by the *cestui que trust*, and is liable in equity for his debts. *Palmer* v. *Stevens*, 15 Gray, 343. *Sparhawk* v. *Cloon*, 125 Mass. 263. *Daniels* v. *Eldredge*, 125 Mass. 356. If *Bartholomew* v. *Weld*, 127 Mass. 210, and *Russell* v. *Milton*, 133 Mass. 180, go beyond a refusal to afford the particular relief sought, and present limitations to the general rule, they do not affect the case under consideration, which is a right to receive accruing income, which is clearly liable to creditors unless it is so limited as to restrain alienation. See *Broadway National Bank* v. *Adams*, 133 Mass. 170; *Pacific National Bank* v. *Windram*, 133 Mass. 175.

The provision before cited in the will, that the income shall be paid for her sole and separate use, and on her own receipt, only indicates that it is to be her sole and separate estate, and is in the form commonly used for that purpose at the time the will was made, in 1853, and even after the St. of 1855, c. 304, rendered the words unnecessary. It is well settled that they do not amount to a restriction upon alienation; and that, as to property so held by a married woman, she is treated in equity as a feme sole, and her equitable interest can be taken for debts chargeable upon her separate property. *Parkes* v. *White*, 11 Ves. 209. *Jaques* v. *Methodist Episcopal Church*, 17 Johns. 548. *Acton* v. *White*, 1 Sim. & Stu. 429. *In re Ross's trust*, 1 Sim. (N. S.) 196. *In re Harvey's estate*, 13 Ch. D. 216. *Australia Bank* v. *Lemprière*, L. R. 4 P. C. 572.

The answer to the first question must depend upon whether the fund, after the termination of Mrs. Lothrop's life interest, belongs to her. The legacy of $5,000, which constitutes part of the fund, is given to trustees upon a trust which is limited to her life. The power is given to her to dispose of it at her decease by will or otherwise. If this stood alone, it would be a question whether there was not such a general power of appointment that the absolute interest, subject to the trust for her life, would be in her, including the power of alienation of her equitable life interest and of the remainder. See *Alexander* v. *Young*, 6 Hare, 393; *Barford* v. *Street*, 16 Ves. 135, and cases cited

under the last point. But these provisions must be construed in view of the intention shown in the disposition of the remainder of the estate given to the wife, and as to that the intention seems plain. At the death of the wife, the whole property "shall be equally divided among my children and their heirs by right of representation." The obvious intention is, that the children shall share equally; and that Mrs. Lothrop is included in this meaning is shown by the next following words, "my daughter Mary's part," that is, her proportion of the estate, "to be held in trust as aforesaid." But the trust was, by necessary implication, limited to her life, and the true construction is, that the daughter shall have an equal share, which shall be held in trust during her life. This construction is strengthened by the consideration that her share, like the others, is given to her heirs as representing her if she should not survive her mother; and that, if she takes only a life interest, the remainder after it is not disposed of, in which case she would now have a vested interest in it as one of the distributees. The other provisions indicate this construction. The shares of the minor sons are put in trust until they become of age, which accords with putting the daughter's share in trust during her life, the contingency of her marriage being in the mind of the testator. The intention expressed, that she shall have also the income of an equal share, is to make it plain that she is to have her share of the remainder in addition to the legacy of $5,000, and the mention of the power of disposing of all at her decease, by will or otherwise, recognizes an absolute power of disposal of the remainder, and that the trust would not continue beyond her life. The construction as to both provisions is, that the entire interest is given to her, except that the funds are to be held in trust for her during her life.

The whole equitable interest is in her, and, if she should make no appointment, the beneficial interest in the fund, if not the legal title to it, would pass to her distributees; and the principal can be reached by the plaintiff in this proceeding.

*Decree for the plaintiff accordingly.*

*J. Fox*, for the plaintiff.

*C. M. Barnes*, for the defendants.