IRVING RUSSELL *vs.* CHRISTOPHER BURKE.

Middlesex.    December 9, 1901. — February 28, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice,* Parties, Decree for conveyance after sale by a master.

In a suit in equity to reach and apply in payment of a debt due the plaintiff an equitable interest of the defendant in certain land it is not necessary under St. 1884, c. 285, § 1, to join as parties the trustees holding the legal title of the land.

A decree in equity directing the appointment of a master to make a sale of the defendant's equitable interest in certain land, when the defendant is a resident of this Commonwealth, should not authorize the master to convey the interest but should order that upon a sale being made by the master the defendant should make the conveyance.

LORING, J.  The plaintiff in this bill seeks to reach and apply in payment of a debt due to him an equitable interest in real estate owned by the defendant.   The case was sent to a master, and four exceptions were taken to his report.   These exceptions were overruled, and a decree was made by the Superior Court "that the defendant be and hereby is ordered to execute a conveyance of the equitable interest referred to in said bill of complaint to the plaintiff, or, failing therein, that a master be appointed with power to sell the said interest at public auction and execute all necessary deeds and other instruments to convey a good and sufficient title to his purchaser, and from the proceeds of said sale to pay over to the plaintiff the sums hereinabove mentioned and to pay the balance, if any, to the defendant Burke."   From this decree the defendant appealed.

There is nothing in the defendant's four exceptions to the master's report.   The bill alleges, and the answer admits, that

the defendant is the owner of an undivided two fifths of the whole equitable interest in certain land described in the bill of complaint, the legal title to which is in John H. Butler and Sumner Robinson, in trust for the defendant and his co-owners. These trustees have not been joined as parties defendant; and, had the suit arisen before St. 1884, c. 285, was enacted, the omission to make them parties defendant might have been fatal. *Phœnix Ins. Co.* v. *Abbott,* 127 Mass. 558. *Russell* v. *Milton,* 133 Mass. 180, 182. But the objection that the property sought to be reached and applied is in the possession of the debtor was removed by that act (St. 1884, c. 285, § 1), and, in a bill under that act, it is not indispensable that they should be made parties defendant.

We are of opinion, however, that the decree is not in the proper form. It should not have authorized the master "to convey a good and sufficient title to the purchaser," in case the defendant elected not to convey his equitable interest to the plaintiff.

In case the defendant elected not to make that conveyance, the court should have directed that his interest should be sold; it could have appointed a master to conduct the sale; but upon a sale being made by the master so appointed, the conveyance should be made by the defendant and the decree should have so provided. It is true that it is within the implied power given to the court by St. 1884, c. 285, to effect a transfer of title by force of its decree, in case that becomes necessary. *Wilson* v. *Martin-Wilson Automatic Fire Alarm Co.* 151 Mass. 515. In that case the defendant was a foreign corporation, and all its officers within this Commonwealth resigned their positions after the suit was brought, leaving no one in this Commonwealth, who could be forced to carry the decree of this court into effect; and for that reason a conveyance by a master became necessary and therefore proper. But in the case at bar the defendant is a resident of a town within the Commonwealth and has appeared in the suit; the decree should follow the usual form and direct him to make a conveyance to the purchaser. The decree in this suit is not justified by the custom of inserting in decrees for the foreclosure of railroad mortgages a clause directing the master, who conducts the sale to execute a deed

conveying the property sold. It is usual to insert such a clause where the property sold has been operated by the court through its receiver; in such a case that clause is properly inserted to cover property acquired while the court had possession through the receiver. In such decrees it is usual also to insert a clause directing the mortgagor and mortgagee to execute a deed of conveyance to the purchaser.

A decree should be entered in favor of the plaintiff in accordance with this opinion.

*So ordered.*

*M. F. Farrell*, for the defendant.
*H. W. Ogden*, for the plaintiff.