MARY F. MURRAY *vs.* JOHN B. MURRAY & another.

Middlesex.    December 4, 1916. — June 4, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Fraud. Equity Jurisdiction,* To set aside deed obtained by fraud. *Equity Pleading and Practice,* Amendment, Decree, Costs.

In a suit in equity by a woman against her stepson to set aside a deed signed by the plaintiff conveying certain land to the defendant, where it appeared that the defendant procured the plaintiff's signature to the deed by false representations deceiving her as to the nature of the instrument she was signing and where it further appeared that since the filing of the bill the land had been taken by a city for a playground, a decree, declaring that the deed was absolutely void and that the defendant took no estate in the land and ordering that the deed be cancelled, was modified by striking out such statement and order and inserting instead a statement that the deed was voidable and that it had been avoided by the plaintiff by filing her bill, and that the plaintiff at the time the land was taken by the city was entitled in equity to the compensation due for taking it.

In the case above described the plaintiff, after the making of the order for the first decree, was permitted to amend her bill by alleging that since the making of that order the city had taken the land in question for a playground and praying that the city might be made a party defendant, and the original defendant contended that under Equity Rule 25 of the Superior Court he was entitled to notice of the motion to amend; but it was *held,* that the motion to amend, made after it had been determined that the original defendant was not in equity the owner of the land, did not affect his rights.

In the same case it appeared that, although by the pleadings an issue had been raised between the plaintiff and the defendant city as to the value of the land taken for a playground, there was not in fact any conflict between them as to the amount, and neither of them appealed from a decree naming the amount to be paid. The original defendant contended that there was an issue of fact raised by the pleadings which had not been tried and which required trial, but it was *held,* that the original defendant was not interested in the trial of that issue and could not complain of the fact that the plaintiff and the defendant city chose to have a decree entered without a trial upon an issue raised by the plaintiff's replication in which they alone were interested.

Before entering a decree in equity the costs should be taxed and the amount should be stated in the decree.

BILL IN EQUITY, filed in the Superior Court on March 12, 1915, to set aside a deed of certain land in Everett alleged to have been obtained from the plaintiff by false and fraudulent representations of the defendant Murray, as stated more fully in the opinion.

The case was heard by *Hamilton*, J., who on June 11, 1915, made the following memorandum of decision:

"Upon all the evidence I am satisfied that the defendant induced the plaintiff to execute the deed in question by falsely and fraudulently representing to her that it was an instrument to be used in certain proceedings in the Probate Court, which had reference to the settlement of the estate of her deceased husband, which representations the plaintiff believed to be true; that the plaintiff did not, at the time that she signed said instrument, intend to convey to the defendant the real estate referred to in said deed. The defendant's requests for findings of fact and for rulings are severally refused. The plaintiff is entitled to the relief prayed for in paragraph two of the prayer of said bill of complaint."

The second paragraph of the prayer of the bill asked that the defendant be ordered to reconvey the real estate to the plaintiff and for further relief.

On March 27, 1916, there was filed and allowed the amendment which is described in the opinion, and thereafter the city of Everett became a party defendant and filed an answer, on which the plaintiff joined issue by filing a replication on April 4, 1916.

On June 8, 1916, by order of the same judge, the following final decree was entered:

"This case came on to be further heard at this sitting and was argued by counsel and thereupon, upon consideration thereof, it appearing after trial that the said defendant, John B. Murray, by false and fraudulent representations made by him to the said plaintiff, which representations the said plaintiff believed to be true, induced her to execute to him the deed, a copy of which is hereto, and to the said plaintiff's original bill, annexed, bearing date August 12, 1914, and recorded in Middlesex County South District Registry of Deeds, in book 3907, page 534, and that said plaintiff did not, at the time of executing the said instrument, intend to convey to the said defendant, John B. Murray, the real estate referred to in said deed, it is ordered, adjudged, and decreed, that the said deed was and is absolutely null and void and of no

effect, and the same is hereby cancelled; that the said defendant, John B. Murray, took no estate in the said premises described in said deed and no title thereunder; that the said plaintiff is, was, and remained the owner of the right, title, and the interest in said premises, and so remained at the time of the said taking of the same by the said defendant, the city of Everett, free from all claims of the said defendant, John B. Murray, and any and all persons, claiming from, by, or under him; that the said defendant, John B. Murray, and all persons claiming to act for, by, or under him are hereby restrained and perpetually enjoined from interfering in any manner with the plaintiff or her assigns in the exercise of her or their right, title, or interest in and to said premises or in her or their free use and enjoyment or disposition of the same; that the said defendant, the city of Everett, shall, upon the giving of proper releases, pay over to the plaintiff or her assigns and to none other, the sum or sums estimated and determined as the damages assessed to have been sustained for the said taking of the said premises by the said defendant, the city of Everett; and that the plaintiff recover her costs to be taxed as in an action at law, and have execution therefor."

The decree printed above was entered on June 8, 1916. On June 10, 1916, John B. Murray, who on June 11, 1915, when the order for the decree was made was the sole defendant, appealed.

*J. L. Sheehan,* for the defendant Murray.

*C. G. Morgan,* for the plaintiff.

LORING, J. In March, 1915, the plaintiff filed her bill of complaint against the defendant John B. Murray alleging that she was the owner of a parcel of land therein described in the city of Everett and that in the previous August the defendant Murray (her stepson) presented to her a deed conveying said land to him and induced her to sign it by representing to her "that it was an instrument . . . which had reference to the settlement of the estate of her deceased husband," and that relying upon that representation she executed the deed. The relief asked for was a reconveyance of the land. The case was heard on the merits. The judge made a finding that the plaintiff did execute the deed relying upon the false representation stated above and made an order for a reconveyance.

This finding and order for a decree were made in June, 1915. In March, 1916, the plaintiff was allowed to amend her bill of complaint. In this amendment she alleged that since the order for a decree the city of Everett had taken the land in question for a playground and she prayed (as part of the amendment) that the city of Everett might be made a party defendant and for further relief. Thereafter the city of Everett appeared and filed an answer. In its answer it admitted the taking of the land, alleged that it was ready at all times to pay the award made under said taking "to the legal owners of said property, when they can be ascertained" and further alleged that since the bringing of the bill, a petition has been brought by the defendant Murray alleging that he was the owner of said property and praying that damages be assessed and a jury trial be had to fix the amount in which he, the defendant Murray, had been damaged. This answer was filed on April 4, 1916. On the same day the plaintiff filed a replication. Thereafter in June, 1916, a final decree was entered which is set forth above. From this decree the defendant Murray took the appeal which is now before us. No appeal was taken by plaintiff nor by the defendant city.

The defendant Murray has made three contentions in support of his appeal.

1. His first contention is that the decree is too broad. In this contention he is right. On a bill to set aside a conveyance procured by fraud a court of equity has no right to declare the conveyance void. It has a right to declare that it is voidable, that it has been avoided and to direct the grantee in the deed of conveyance to reconvey the premises to the plaintiff. *Russell* v. *Burke,* 180 Mass. 543. It follows that the following words must be stricken from the decree, namely: "that the said deed was and is absolutely null and void and of no effect, and the same is hereby cancelled; that the said defendant, John B. Murray, took no estate in the said premises described in said deed and no title thereunder; that the said plaintiff is, was, and remained the owner of the right, title, and the interest in said premises, and so remained at the time of the said taking of the same by the said defendant, the city of Everett, free from all claims of the said defendant, John B. Murray, and any and all persons, claiming from, by, or under him."

2.  But it is enough to entitle the plaintiff to relief in the case at bar that she is entitled in equity to the compensation due for the taking of the land.  By bringing the bill here in question the plaintiff elected to avoid the deed and became in equity entitled to the land.  When the land was taken for a playground the plaintiff became entitled in equity to the compensation due by reason of that taking.  See in that connection *Glazier* v. *Everett*, 224 Mass. 184.  It follows that the plaintiff is now entitled to the fund and so much of the decree as directs the city to pay it to her must be affirmed.  A recital of the plaintiff's equitable rights as just stated may be inserted in the decree.

3.  The defendant Murray's second contention is that under Rule 25 of the Superior Court he was entitled to notice of the motion to amend.  That is not so.  The motion to amend did not affect his rights.  It was made after it had been determined that in equity he was not the owner of the land.

4.  The defendant Murray's third contention is that by the replication filed by the plaintiff to the answer of the city of Everett an issue of fact was raised which called for trial and so far as appears no trial was had.  But the defendant Murray was not interested in the trial of that issue.  He cannot complain of the fact that the plaintiff and the defendant city chose to have a decree entered without a trial upon an issue raised by the pleadings in which they alone were interested.

5.  Since the plaintiff took no appeal it must be taken that the plaintiff is content to take the damages assessed by the city and does not wish to have them passed upon by a jury.  For that reason no assignment need be made of the right to collect the compensation due by reason of the taking as was decreed to be done in *Glazier* v. *Everett, ubi supra.*

6.  By the terms of the original decree it is provided: "that the plaintiff recover her costs to be taxed as in an action at law, and have execution therefor."  We interpret this to mean that the plaintiff is to recover her costs from the defendant Murray.  The decree should be modified to make this plain.

7.  The costs should be taxed and the amount stated in the decree.  *East Tennessee Land Co.* v. *Leeson*, 185 Mass. 4.

8.  The plaintiff is entitled to the costs of this appeal.

*Decree accordingly.*