MORRIS WEINBERG & others, trustees, *vs.* D. BROTHER
& another.

Suffolk.    January 18, 1928.— March 2, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction,* To reach and apply equitable assets.  *Mortgage,* Of
real estate.

In a suit in equity to reach and apply, in payment of a debt owed to the
plaintiff by the defendant, a note payable by a third person to the de-
fendant and secured by a mortgage of real estate, it appeared that the
note and mortgage were given to the defendant as a "straw man"; that
he had no interest therein; and that, before the beginning of the suit,
he had assigned and transferred them to their true owner, although the
assignment of the mortgage had not been recorded.  *Held,* that the
defendant had no interest in the note or mortgage which could be
reached and applied in payment of his own debt, and that the bill must
be dismissed.

BILL IN EQUITY, filed in the Superior Court on February
21, 1927, and described in the opinion.

The suit was heard by *Morton,* J.   Material facts found
by him are stated in the opinion.   By order of the judge, a
final decree was entered dismissing the bill.   The plaintiffs
appealed.

*M. Z. Kolodny,* for the plaintiffs.

*A. A. Tucker,* for the defendants.

SANDERSON, J.   This is a bill to reach and apply a mort-
gage note secured by a mortgage on real estate, standing upon
the records in the name of the defendant David Brother, in
payment of a judgment debt which he owes the plaintiff.
The judge who heard the case made these findings: "On
December 17, 1925, the defendant DiPietro gave a prom-
issory note in the sum of $1,900 to the order of David Brother,
and as security therefor a mortgage to said Brother . . . .
This mortgage was duly recorded and never discharged of
record.   David Brother paid no consideration for the note
or mortgage.   Celia and Abraham Brother owned the prop-
erty in question and deeded it to DiPietro, who, at their

request, gave a mortgage back to the defendant, David Brother, as a straw. On June 1, 1926, David Brother assigned the note and mortgage to Abraham Brother, in accordance with a previous understanding between the parties. The assignment of the mortgage was never recorded. At the time of the bringing of the bill, the defendant, David Brother, had no interest of any sort in the note and mortgage. I rule that under the circumstances the note and mortgage cannot be reached in payment of the plaintiff's claim. The mortgage cannot be attached in an action at law, as real estate, and the plaintiff can reach only by the bill such interest as the defendant, David Brother, had in the note and mortgage. The bill should therefore be dismissed with costs." The bill was filed February 21, 1927, and a restraining order was issued. At that time the note had been transferred to the true owners, who are not parties, and the mortgage had been assigned to them.

Upon the facts found, the plaintiff could not, by a bill to reach and apply, deprive the owners of their interest in the note. The mortgage is merely security for the note. As the note had been transferred to the real owner, the defendant would hold the mortgage in trust for the owner, even if there had been no assignment of it. *Wolcott* v. *Winchester*, 15 Gray, 461. *Morris* v. *Bacon*, 123 Mass. 58. The bill to reach and apply is in the nature of an equitable trustee process. See *Phoenix Ins. Co.* v. *Abbott*, 127 Mass. 558, 560; *Russell* v. *Milton*, 133 Mass. 180, 182. The plaintiff, by making the equitable attachment, is in no better position than that of the assignee of a mortgage after the mortgagee has transferred title to the debt or note which the mortgage was given to secure. *Wolcott* v. *Winchester, supra. Morris* v. *Bacon, supra.* Unless the note secured by the mortgage can be reached, the mortgage cannot be made available to the attaching creditor of the mortgagee. *Sanger* v. *Bancroft*, 12 Gray, 365, 367. See also *Pond* v. *Simpson*, 251 Mass. 325, 328. The mortgagor, DiPietro, upon the facts found, was not indebted to the defendant Brother, and that defendant had no interest in the note or mortgage which could be reached and applied in payment of his own debt.

There is nothing in the record to justify the contention that the plaintiff extended credit to David Brother in reliance upon the fact that the mortgage stood in his name; and upon the facts found the bill cannot be maintained on that ground.

*Decree affirmed with costs.*