James Vona vs. George Fuscellaro et al.    No. 10890.

### May 10, 1932.

BLODGETT, J. Heard upon bill, answer and proof.

Bill for specific performance of an agreement in writing to convey four lots of land situated in Providence, being lots 69, 134, 141 and 151 of Merchants Realty Plat.

The agreement to convey was executed March 17, 1913, and signed "George Fuscellaro and wife by George Fuscellaro." Under this agreement $250 was paid by complainant upon execution of same; the balance, $2,050.00, was to be paid as follows: Sixty days from March 17, 1931, complainant was to pay $100; the balance, $1,950.00, to be paid sixty days after payment of the $100; this payment of $1,950.00 was to be made by a mortgage from complainant to George Fuscellaro.

Before payment of the $100 became due, the lots in question were condemned by the City of Providence for school purposes, May 14, 1931. May 13, 1931, through his attorneys, Robinson & Robinson, complainant sent a letter to George Fuscellaro informing him that complainant, James Vona, would be at the City Hall, Providence, ready to consummate the agreement of March 17, 1931.

The bill alleges that George Fuscellaro failed to meet complainant and that said George Fuscellaro and Maria Fuscellaro have refused to carry out said agreement. The prayer of the bill is for specific performance or, in the alternative, if the Court cannot grant specific performance, that the City of Providence, a party to the bill, be required to pay over the award for the condemnation of said lots to the complainant.

There is a further prayer, that if the Court finds that respondent cannot convey said lot 134, the value of said lot may be determined by a master, and after said value is so determined then the same be deducted from the purchase price; and that complainant be awarded damages for breach of the said contract concerning lot 134.

There is a further prayer that if the Court finds that respondent Maria Fuscellaro cannot be required to specifically perform said contract, that the value of her dower right be determined by a master and that such value be deducted from the purchase price.

As the Court is of the opinion that George Fuscellaro did inform the agent of complainant, to wit Pausera, at the

time the contract was executed, that he did not hold title to lot 134, and that same was included by mistake of fact, lot 134 is eliminated from the controversy.

The Court is further of the opinion that after condemnation of said lots 69 and 151 by said city, the respondents cannot convey the said lots 69 and 151.

As to lot 141, the testimony is that complainant refused to take the said lot except by a deed of warranty and executed by the wife joining in same and conveying her right of dower.

The contract is executory and by its terms to be consummated in one hundred and twenty days after its execution. Before the expiration of this period the title to the land passed to the City of Providence. The contract required that respondents should deliver a warranty deed upon the conditions set out in such agreement. This became impossible.

The issue then is as to whether the award made by the City of Providence in December, 1931, the amount of which as to the land in question is agreed upon in a stipulation made a part of the record in the case, should be paid to complainant, subject to a lien of the respondents, or to the respondents, as their interests may appear.

Some facts are not in dispute. The agreement is dated March 17, 1931. The land in question was condemned May 14, 1931. The bill for specific performance was filed July 7, 1931. The bill alleges that complainant demanded the delivery of conveyance of land on May 16, 1931. This was impossible as the title had passed to a third party (City of Providence) on May 14.

The granting of specific performance of a contract for the sale of land rests in the sound discretion of the Court.

*Ball* vs. *Millikin*, 31 R. I. 36.

It is clear that specific performance of the contract in question cannot be performed by either party.

The prayer of the bill is for an equit-able decision by the Court as to the disposition of the fund awarded by the City of Providence for the value of the land taken, which award is set out in the stipulation filed and agreed upon in this case.

At the time the agreement was made the price of the land was fixed. Under the award the value of the land is very considerably increased.

The issue then is which party to the contract is entitled to this increase in value of the land sold.

An analysis of the testimony shows that George Fuscellaro had from time to time sold lots on this plat, and entered into this agreement of March 17, 1931, with the complainant in the same manner as other agreements for sale were made to other parties. There is no testimony on record that either party knew of any contemplated condemnation of the land. If the respondent Fuscellaro had known of any such plan by the city, it is doubtful if he would have entered into this agreement. He was accustomed to real estate deals and presumably familiar with real estate values. It must be assumed that at the time of the agreement the price was satisfactory to him. In case of *Allyn* vs. *Providence, Warren & Bristol Railway Co.*, 4 R. I. 457, the Court says, p. 461:

"A conveyance of land after the damages had accrued would not convey the right of action for such damages. That right, being a right in action only, could not be transferred, so as to enable the transferee to claim in his own name at law, and would not pass with the estate."

In re Southern New England Railway Co., 39 R. I. 468, the Court says, p. 472:

"In the matter before us the damages for the taking shall be treated as land and held to stand in the place of land as it was owned when taken, for the purpose of determin-

ing to whom the money is to be paid; but there is a marked distinction between that proposition and the holding that said claim for damages is land and passes under a deed purporting to convey solely a right, title and interest in land. We cannot agree with the petitioner's contention in that regard."

Again at page 474, 3rd paragraph, the Court says:

"The question presented in this case is similar to that which has arisen in cases in which a part of the mortgaged property has been taken in condemnation and the mortgage has subsequently been foreclosed by sale. In a number of well considered cases it has been held in such circumstances that, by condemnation, the mortgagor's interest in the land taken has been wiped out by title paramount; that only the remaining land can be sold on foreclosure; and that the purchaser at such foreclosure sale acquires no right in the claim for damages."

The cases cited in brief of respondent above stated were cases brought directly by the owner of the land, and a number of other cases are cited in said brief that in an action for damages for breach of a contract for the sale of land the damages assessed would be the market value of the land at the time of taking, or the market value at the stipulated time for delivery of deeds.

20 C. J., page 847:

"Compensation in general must be paid to the person who owned the property at the time it was taken— but the owner in this connection will be held to include any person having an interest in the land and who sustains loss or damage at the time of the taking—as the owner of equitable title."

*Murray* vs. *Murray*, 227 Mass. 345. This was a bill in equity to set aside a deed of land on the ground of fraud,

and decree entered for plaintiff that the deed was voidable.

Subsequently the City of Everett condemned the land for a playground. The Court held plaintiff entitled to the compensation due for the taking of the land.

See also *Glazier* vs. *Everett*, 224 Mass. 184.

"A person may not have such a title as would entitle him to a decree of specific performance for the sale of the premises and yet be entitled to compensation for the taking of his property by eminent domain."

*Manhattan Railway Co.* vs. *Meighan*, 186 N. Y. App. Div. 733.

"Damages accruing after a conveyance or an executory contract should be paid to the purchaser subject to the lien of the vendor."

20 C. J. p. 860.

"Although the legal title does not pass from the Vendor by the contract of sale, he holds it from that time merely as security for the payment of the purchase money. The purchaser becomes the equitable and substantial owner, subject only to the right of the Vendor to the payment of the purchase money—the relation of the parties is not substantially different from what it would have been if the Vendor had given a deed and taken back a mortgage to secure the payment of the unpaid purchase money."

*Stevenson* vs. *Loehr*, 57 Ill. 509.

In *Clark* vs. *Long Island Realty Co.*, 126 N. Y. App. Div. 282, the Court held as follows:

The city took possession of certain property under eminent domain after an executory contract for the sale of said property had been entered into. Held that the contract was not abrogated; that the vendee took the equitable title to the land, the vendor merely holding the legal title as security for the purchase money; that the taking of land by condemna-

tion was in a sense a purchase and sale and the equitable owner would be deemed, in such case, the vendor, and that the damages in such proceedings belonged to the vendee, subject to the line of the vendor for the balance of the purchase price.

See also *Reife* vs. *Omers*, 252 N. Y. 320;

*Rappaport* vs. *Crawford*, 99 N. J. Eq. 669.

The great weight of authority is that where condemnation proceedings are taken for the condemnation of land agreed to be conveyed under an executory contract of sale, subsequent to the execution of such contract, the purchaser is the holder of the equitable title, and entitled to receive the award made for such condemnation subject to a lien of the seller for the agreed purchase price.

In the present case the Court is of the opinion that the complainant is entitled to receive the award stipulated for lots 69 and 151 on said plat subject to the lien of George Fuscellaro for the purchase price of said lots.

As to lot 141, not taken under said condemnation, the complainant has refused to accept a deed under said agreement. If the parties are unable to agree as to what portion of the purchase price of said land should be allotted to each lot severally the case must be sent to a master to determine what part of the purchase price should be so allotted to lots 69, 151, 134 and 141 severally.

For complainant: Robinson & Robinson, Adelson.

For respondent: Dooley, Jackvony, Curran & Dunn, John C. Mahoney, J. T. Walsh.